Nash, J.
 

 John Mingus and his wife were among the petitioners to set aside (he probate
 
 of
 
 the- will. When-
 
 *214
 
 the order is made, and the issue made up, they take their position on the record, as opponents of the will; shortly after, without any reason assigned, he is transferred from the opposing to the propound]ng side of the issue. For what purpose is this done ? No reason is assigned, but it lies too near the surface to be hidden. It became necessary to use his declarations in evidence, i.o defeat the will. While he continued a caveator, this could not be done, and the bungling device is resorted to by him, of tailing his place among those who were endeavoring to. establish the script. But why, if his testimony was so important, did ho not present himself as a witness in the ease, in behalf of the caveators ? They, doubtless, would have been willing. But it did not suit the purposes or views of the parties. It was much more convenient to take his declarations, than to subject him to a cross-examination upon oath, which might have shewn that his «pinion in the matter was worth nothing. 13y transposing his name, he was enabled to obtain the ben «lit of his own testimony, to subserve his own interest. He was a party so the issue in no other light, than as the husband of his wife.; as John Mingus, he had no concern with it. His wife was still a caveator. But the Court erred in permitting his declarations to be used at all. An issue to try the validity of a will is not an adversary suit; there arc strictly no parties to it. When the will is propounded by the executor, he represents all whose interest it is to establish the paper, and no one can he joined with him and against his will, except by order of the Court. If it is made to appear, by one who is interested, that there is danger that the executor will not faithfully perform his duty, as that he is interested to oppose the probate, the Court may and will associate such party in interest with the executor, but not otherwise. And should the executor, upon propounding the Will, decline to prove it, as he may do, or to qualify as executor, the Court may admit any one as a propo.under, who is interested in so do
 
 *215
 
 ing, and who establishes bis interest by his affidavit. 1
 
 Wil. on Eg.
 
 126.
 
 Godol. Pr. 1st, ch.
 
 20,
 
 s. 2.
 
 The party applying, must show that he is not a mere intruder, but that he cither has, or believes he has, an interest in establishing the will. No one, therefore, ought to be permitted to propound a will for probate or join an executor, who is not, in good faith, interested in so doing. Nor could a case be imagined, in which the necessity of the rule is made more apparent, than in the present. By a manifest trick, Mr. Mingus places himself in a position, wherein his own declarations can be used to subserve his own interest, in palpable violation of one of the fundamental rules of evidence, and yet apparently under the sanction of the law itself.
 

 Where a will is brought into Court, in obedience to its order, or in compliance with his duty, by an exccui or, it is in the possession of the Court; its jurisdiction is over the thing itself, and it cannot be withdrawn by any one, but remains among the records of the Court. If contested, it is the duty of the Court to cause an issue of
 
 devisavit vcl non
 
 to be submitted to a jury. In this issue, there are strictly no parties ; both sides are equally actors, in obedience to the order directing the issue.
 
 St John’s Lodge
 
 v.
 
 Callender,
 
 4 Ired. 343. And when the declarations of any party to the issue are admitted as evidence, it is because of the rule, that the declarations of any one against his interest is legal testimony as against him. It has therefore been ruled in this State, that in an issue of
 
 devisavit vel non,
 
 when the parties are regularly constituted, their declarations are evidence against them.
 
 McCrainey’s Ex.
 
 v.
 
 Clark and wife,
 
 N. C. T. R. 278. But, in order to render these declarations evidence, they must appear to be made by a party interested in the matter, and against his interest. Here, Mingus, as far as appears to us, was interested in setting -aside the will. His wife, through whom alone he could appear in the cause, was a caveator, because, as. we presume, interested
 
 *216
 

 to sot it
 
 aside. Separated from her, he had not the shadow of an interest. He ought not to have beers permitted by the Court, in the first instance, to associate himself with the executor, as' a propounder. And when the issue was submitted to the jury, the presiding Judge ought to have ordered his name to be stricken out and restored, as it originally was, to the position of a contes-ten* of the will. It would be a reproach to the administration of justice, to suffer the law to be perverted from its due course by so flimsy a device. The transformation of John Mingus from an opponent into a friend of the will, took place in the County Court, and, vVhen the issue was presented for trial in the Superior Court, he was apparently in his regular and proper position on the docket. The Court, then, might well suppose the evidence of his declarations came within the rule of
 
 McCrainey's Ex.
 
 v.
 
 Clark.
 
 Should this attempt of Mr, Mingus succeed, it will be an easy thing, hereafter, for any person interested in defeating a will, to do so.
 

 Per Curiam. Judgment reversed and a
 
 venire de novo
 
 ordered.