HOWARD W. PHILLIPS, *Administrator of the Estate of Theodore Phillips, deceased*, v. EDMOND FAHERTY.

**No. 346.**   (58 Pac. 801.)

PRACTICE, DISTRICT COURT—*Appeal from Probate Court—Jurisdiction.* In the trial of an action appealed by an administrator from the decision of the probate court in allowing a claim against an estate, the district court sits as a court of probate; it has no greater power or jurisdiction than had the probate court in the first instance. In such case it is incumbent upon the claimant to establish his demand by competent testimony, the same as would be required of him in the probate court under section 88 of chapter 107, General Statutes of 1897 (Gen. Stat. 1899, § 2772).

Error from Marshall district court; R. B. SPILMAN, judge. Opinion filed October 9, 1899. Reversed.

*T. A. Broughten*, for plaintiff in error.

*C. T. Mann*, and *W. W. Redmond*, for defendant in error.

The opinion of the court was delivered by

McELROY, J. : The defendant in error, Edmond Faherty, obtained an allowance by the probate court of Marshall county against the estate of Theodore Phillips, deceased, for the sum of $2383.85. The administrator, Howard W. Phillips, prosecuted an appeal therefrom. Prior to the trial the administrator filed his offer, in writing, under section 445 of chapter 95, General Statutes of 1897 (Gen. Stat, 1899, § 4814),

to allow judgment to be taken therein for the sum of $1200, which offer was duly accepted. The administrator filed his motion to set aside the offer, requesting that he be allowed to withdraw the same, for the reasons (1) that as administrator he had no power or authority to make the offer to allow judgment to be taken ; (2) that the probate court did not authorize such tender or compromise to be made ; (3) that the tender and offer of compromise were made without authority of law, and are illegal and void ; and (4) that the offer of compromise was made without the consent, knowledge or appproval of the heirs. This motion of the plaintiff in error was overruled.

Thereupon the court, acting upon the offer, without other evidence, rendered judgment against the estate for the sum of $1200 and costs. Plaintiff in error filed a motion for a new trial, which was overruled, and presents the case to this court for review, alleging the following errors in the proceedings of the trial court : (1) That the court erred in overruling his application to strike from the files his offer to allow judgment, and in refusing to allow him to withdraw the offer to allow or confess judgment ; (2) that the court erred in rendering judgment against the estate without any evidence or without a trial by the court or jury ; and (3) that the court erred in overruling his motion for a new trial.

The question presented is whether an administrator, acting upon his own volition, can bind the estate by an offer to confess or allow judgment. Chapter 107 of the General Statutes of 1897, so far as applicable to the establishment of a claim or demand against the estate of a deceased person, reads :

" Sec. 84. Any person may exhibit his demand against such estate by serving upon the executor or

administrator a notice in writing stating the nature and amount of his claim, with a copy of the instrument of writing or account upon which the claim is founded, and such claim shall be considered legally exibited from the time of serving such notice."

"SEC. 86. Any person having a demand against an estate may establish the same by the judgment or decree of some court of record in the ordinary course of proceeding, and exhibit a copy of such judgment or decree to the probate court, but the estate shall not be liable for costs in any such proceeding commenced within one year from the date of the letters of administration."

"SEC. 88. No probate court shall allow any demand against any estate unless the claimant first make oath in open court, or file an affidavit with such claim, stating to the best of his knowledge and belief he has given credit to the estate for all payments and offsets to which it is entitled, and that the balance claimed is justly due. The affidavit in this section shall not be received as evidence of the demand, but the same shall be established by competent testimony before it is allowed or adjusted."

"SEC. 93. The probate court shall hear and determine all demands in a summary way, without the form of pleading, and shall "take the evidence of competent witnesses, or other legal evidence."

"SEC. 204. All appeals shall be taken during the term at which the decision complained of is made, or within ten days after the making of such decision. Notice of such appeal shall be given in open court and entered on the record, or by written notice to the opposite party or his attorney of record."

"SEC. 209. Upon the filing of such transcript and papers in the office of the clerk of the district court, the court shall be possessed of the cause, and shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the proceeding of the probate court." (Gen. Stat. 1899, §§ 2772, 2774, 2776, 2782, 2878, 2883.)

The foregoing sections contain a full statement of

the method of establishing claims against estates. No provision is made for compromising or for confessing judgment on claims against an estate. On the contrary, the statute provides that all such claims shall be established by competent testimony. No other method is provided. The district court in hearing a cause thus brought to it by appeal sits as a court of probate, and it has no greater power or jurisdiction than had the probate court in the first instance. (*Morgan v. Valley Bank*, 4 Kan. App. 668, 46 Pac. 61; *Neill v. J. I. Case & Co.*, 25 Kan. 511; *Samuels v. Greenspan*, ante, p. 140, 58 Pac. 482.) This being true, it was incumbent upon Faherty to establish his claim by competent testimony, the same as is required to be done in the probate court under section 88, *supra*. The claim was founded upon an open account for wages due.

It is not contended that the probate court would have authority to render judgment for the amount claimed against the estate without evidence, but it is insisted that, when the case is brought to the district court on appeal, the rules of practice in the district court are then applicable, and for that reason the administrator had authority to confess judgment.

Section 445 of chapter 95, General Statutes of 1897 (Gen. Stat. 1899, § 4814), provides:

"The defendant in an action for the recovery of money only may at any time before the trial serve upon the plaintiff or his attorney an offer in writing to allow judgment to be taken against him for the sum specified therein. If the plaintiff accept the offer, and give notice thereof to the defendant, or his attorney, within five days after the offer was served, the offer and an affidavit that the notice of acceptance was delivered within the time limited may be filed by the plaintiff, or the defendant may file the acceptance

with a copy of the offer, verified by affidavit, and in either case the offer and acceptance shall be noted in the journal, and judgment shall be rendered accordingly. If the notice of acceptance be not given in the period limited the offer shall be deemed withdrawn, and shall not be given in evidence or mentioned on the trial. If the plaintiff fails to obtain judgment for more than was offered by the defendant he shall pay the defendant's costs from the time of the offer.''

It may be true that the rules of practice of the district court are applicable in all cases there tried on appeal, but it appears to us that the rights claimed under this section are beyond the mere rules of practice ; the privileges and the burdens conferred by this section are matters of statutory enactment, not mere rules of practice. That the judgment was for a less amount than that awarded in the probate court is a matter of no concern ; it is a question of authority. If the administrator can permit judgment against the estate for a less amount, he can for a larger. The provision of law that a claim or demand in excess of fifty dollars shall not be allowed against an estate of a deceased person, except the same be established by competent testimony to the satisfaction of the court, was intended for the protection of estates, and should not be nullified by construction nor by rules of practice.

The judgment is reversed, and cause remanded for further proceedings in accordance with the views herein expressed.

MAHAN, P. J., concurring.

WELLS, J. (dissenting) : I cannot concur in the foregoing opinion. When the claim was duly presented to and allowed by the probate court the safeguards provided by law for the protection of the estate had

been fully complied with, except those that appealed
to the discretion of the administrator.   He then had
authority to pay it in full, and this authority logically
includes the right to pay a part in satisfaction of the
whole.   I know of no reason or authority for holding
that the statute authorizing a defendant to offer in
writing to allow judgment to be taken in favor of the
plaintiff for a certain specified sum, and taxing the
plaintiff with costs if a larger sum be not recovered,
does not apply to appeals from probate courts in cases
like this.   But whether it does or not is immaterial
in this case.   Contracts of compromise may be made
without specific statutory authority.   After the claim
had been allowed by the probate court the adminis-
trator had authority to pay the sum allowed ; he offered
to pay about one-half of it ; this offer was accepted.
I know of nothing to prevent the court from holding
the parties to the contract thus made.