THE BETHANY HOSPITAL COMPANY v. EMMA SWARTZ HALE.

No. 13,679.   (77 Pac. 537.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Suppression of Deposition.* A ruling on a motion to suppress a deposition upon grounds not appearing therein does not become the law of the case so as to require the court, when such motion is renewed in a subsequent trial and supported by new proof of the invalidity of such deposition, to overrule it without consideration; and to do so is error.

2. PRACTICE, PROBATE COURT—*Procedure for Probate of Will.* The proper procedure to be observed upon the offer of a will for admission to probate, both in the probate court, and in the district court upon appeal from an order denying probate, discussed.

Error from Jewell district court; R. M. PICKLER, judge.   Opinion filed July 7, 1904.   Reversed.

*R. W. Turner, Winfield Freeman,* and *Thomas J. White,* for plaintiff in error.

*R. H. McBride, E. P. Hotchkiss,* and *T. S. Kirkpatrick,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : This was a proceeding originating in the probate court of Jewell county. Its purpose was to obtain the admission to probate of the will of William Swartz, which was denied, and an appeal taken by the proponent to the district court. That court having denied probate, proceedings in error were prosecuted to this court, where the case was reversed. (*Hospital Co. v. Hale,* 64 Kan. 367, 67 Pac. 848.) The matter coming on again to be heard in the district court, probate of the will was again denied, and the case is now here for further review.

Prior to the first trial in the district court the

deposition of a witness was taken at a point in Missouri. A motion was made to suppress this deposition on a number of grounds going to its regularity and impeaching its validity. This motion was at that time denied, but upon the condition that the proponent should have opportunity to cross-examine the witness whose deposition had been taken. Subsequently, when the parties went to conduct this cross-examination, they found that the witness had died. When the matter came on for a second hearing in the district court the motion to suppress this deposition was refiled, accompanied by a notice that upon its hearing affidavits, depositions and oral evidence would be offered in its support. When it was called for hearing counsel for proponent requested permission to introduce evidence in addition to that considered when the motion was before the court at the prior trial. The court, however, declined to consider the motion, and the evidence offered in support thereof, both new and old, for the reason that he had once before considered this motion and passed on it.

This action is assigned as the first ground of error, and it is contended by the defendant in error that no error or abuse of discretion was committed by the court by this action, because, the motion having been denied on condition once before, the court was not required again to take it up for consideration, and cites the language of this court in *Hospital Co. v. Hale*, supra, in support of the claim that, the question once having been passed upon, its determination has become the settled law of the case. We are of the opinion that the court was in error in refusing to consider the motion the second time. The matters assigned in the motion for the suppression of the deposition were grave; if true, the deposition should have been sup-

pressed.    Evidence not before presented was tendered in its support.    What this evidence was we do not know, or what the action of the court should have been upon its hearing we do not indicate ; but, at least, the proponent should have had the opportunity to make its showing and have the same considered, so that it might have got into the record the showing and the ruling thereon.    A new trial of the issues was about to commence, and the proponent had a right to present its entire case in a connected and logical manner, so as to have it in proper form for review, should it so desire.

Many errors are urged arising out of the conduct of the trial of the question at issue before the district court.    They are all quite closely related and can best be solved by a general discussion of the nature, procedure and effect of the trial of the issues arising upon the offer of a will for admission to probate.    The issue upon such offer is whether the will was duly attested and executed, and whether the testator at the time of executing the same was of full age and sound mind and memory, and not under any restraint. ( Wills act, § 15 ; Gen. Stat. 1901, § 7952.)    The burden of proving these things rests upon the proponent. The forum in the first instance is the probate court, where no jury is available.    The witnesses are those who have attested the will, and any others whom any person interested in having the will admitted to probate may desire to produce.    This hearing is conducted in a somewhat informal manner and without notice or pleadings.    The order which may be entered is either for the admission to probate of the will or the denial thereof.    If the former, such order may be attacked at any time within two years in the district court in an action for that purpose by any person in-

terested in the will or estate of the deceased. If the latter, an appeal may be had to the district court, where the order of trial, the character and burden of the proof, the same informality of procedure, will be had as before the probate court, the district court having only such powers and pursuing such procedure on appeal as the probate court. All these matters will be found discussed in the case of *Lawrie v. Lawrie,* 39 Kan. 480, 18 Pac. 499.

In both courts the procedure is of the most informal and perfunctory character, and when a *prima facie* case is made upon the several points as to validity of execution, testamentary capacity, and freedom from illegal restraint, the order of admission should be made, leaving for the more formal and regular proceedings provided by section 20 of the wills act (Gen. Stat. 1901, § 7957) the contest of the nicer and more difficult questions, a contest in which issues are duly formed, evidence properly produced, the machinery found for obtaining a jury should one be ordered. Upon the application to admit to probate, a party interested in having the application denied may not, as a matter of right, demand the examination of his witnesses in opposition. Just to what extent this preliminary examination ought to go it is difficult in any one case to say; it can be said, however, that it is not a contest; that is left for another proceeding in another forum. In the rough, it is probably sufficient to say that it should go only to the extent that a *prima facie* case is made in favor of the validity of the will. In this case it seems that the court and all parties treated the proceeding on appeal as though it were one to contest the will. This was improper procedure, and had it been done over the objection of plaintiff in error it would have been material error.

We have made the foregoing comments in view of the fact that, as the case will be reversed because of the error first noted, a more orderly procedure may be adopted on a subsequent trial.

Complaint is made of the giving of various instructions to the jury. These objections are based largely upon the improper scope of the inquiry in hand, which will no doubt vanish in a trial properly conducted.

The judgment of the court below will be reversed, with instructions to proceed further in accordance with this opinion.

All the Justices concurring.