SARAH A. WRIGHT *et al.* v. CORMAN H. YOUNG.

No. 14,772    (89 Pac. 694.)

SYLLABUS BY THE COURT.

1. PRACTICE, PROBATE COURT—*Probate of a Will—Contest Not Authorized.* By the provisions of chapter 526 of the Laws of 1905 any person interested in having the application for the probate of a will denied may demand the right to have his witnesses examined in opposition; but the issues involved in the application were not changed or enlarged by the act so as to authorize a contest of the will in the probate court.

2. ———— *Evidence Sufficient to Admit Will to Probate.* The rule that only a *prima facie* showing is required to admit a will to probate was not abrogated by the act of 1905. When such *prima facie* showing is made it is the duty of the court to admit the will, unless for some of the reasons mentioned in section 15 of the act relating to wills (Gen. Stat. 1901, § 7952) the court finds conclusively from the evidence that the will should not be probated.

3. ———— *Scope of Inquiry—Discretion of Court.* The extent and scope of the inquiry in opposition to the probate rests in the discretion of the court hearing the application.

Error from Atchison district court; BENJAMIN F. HUDSON, judge. Opinion filed March 9, 1907. Affirmed.

*W. E. Stanley, James W. Orr, James M. Challiss,* and *B. P. Waggener,* for plaintiffs in error.

*Guthrie & Guthrie, J. A. Reed, P. E. Hatch,* and *Reed, Yates, Mastin & Howell,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: This case involves the construction of chapter 526 of the Laws of 1905. The single question for decision is whether the district court erred in holding that the statute does not change or enlarge the issues upon an application for the probate of a will.

On July 13, 1905, in the probate court of Atchison county, Corman H. Young offered for probate a paper

purporting to be the last will and testament of Eva Hendershot, deceased. He was named therein as executor and sole legatee. Upon the hearing a number of the heirs at law of Eva Hendershot appeared and resisted the probate of the alleged will. After the proponent's witnesses had testified the heirs introduced the evidence of a number of witnesses, including that of Corman H. Young himself, for the purpose of proving undue influence and fraud upon his part in securing the execution of the instrument, claiming that for a long time prior to the death of Eva Hendershot she was the keeper of a notorious house of prostitution in Atchison; that illicit relations existed between her and the proponent; and that for a number of years he had acted as her confidential adviser and business agent.

The probate court refused to admit the will to probate, and the proponent appealed to the district court, where there was a trial *de novo*. The district court heard the witnesses who had attested the will but refused to hear the testimony of the relations existing between the testatrix and Corman H. Young, and admitted the will to probate. The court rendered a written decision, in which is fully set forth the contentions of the parties and the single ground upon which the judgment is based. We quote from it as follows:

"The question is, in view of the evidence introduced in this court, Ought the will to be probated? As the law stood before the amendment of section 12 of the wills act, by the legislative enactment of 1905, the answer should be in the affirmative. . . . The contestants claim, however, that since the amendment of said section 12 a full and complete contest of a will may be had in the probate court. . . . It seems to the court, however, that that amendment does not change or enlarge the issues involved in the probating of a will."

By this proceeding the heirs seek to reverse the judgment admitting the will to probate. It is claimed that the district court erred in its construction of the act of

1905. Previous to the amendment section 12 of the wills act read as follows:

"The court shall cause the witnesses to such will, and such other witnesses or any person interested in having the same admitted to probate as may desire, to come before such court; and said witnesses shall be examined in open court, and their testimony reduced to writing and subscribed by them and filed." (Gen. Stat. 1901, § 7948.)

This section was amended by section 1 of chapter 526 of the Laws of 1905 to read as follows:

"The court shall cause the witnesses to such will and such other witnesses as any person interested for or against having the same admitted to probate may desire to come before such court, and said witnesses shall be examined in open court, and the testimony of the witnesses to such will and such other testimony as the court may order shall be reduced to writing and subscribed by them and filed; and the depositions of witnesses may be taken and used on such hearing in the same manner and to the same extent as is provided in the code of civil procedure."

The amendment was adopted soon after the decision in *Hospital Co. v. Hale,* 69 Kan. 616, 77 Pac. 537, and may be supposed to have been suggested by that decision. In defining the issues and procedure upon the probate of a will the court said in that case:

"The issue upon such offer is whether the will was duly attested and executed, and whether the testator at the time of executing the same was of full age and sound mind and memory, and not under any restraint. (Wills act, § 15; Gen. Stat. 1901, § 7952.) The burden of proving these things rests upon the proponent. The forum in the first instance is the probate court, where no jury is available. The witnesses are those who have attested the will, and any others whom any person interested in having the will admitted to probate may desire to produce. This hearing is conducted in a somewhat informal manner and without notice or pleadings. The order which may be entered is either for the admission to probate of the will or the denial thereof. If the former, such order may be attacked at

19—75 KAN.

any time within two years in the district court in an action for that purpose by any person interested in the will or estate of the deceased. If the latter, an appeal may be had to the district court, where the order of trial, the character and burden of the proof, the same informality of procedure, will be had as before the probate court. . . . In both courts the procedure is of the most informal and perfunctory character, and when a *prima facie* case is made upon the several points as to validity of execution, testamentary capacity, and freedom from illegal restraint, the order of admission should be made, leaving for the more formal and regular proceedings provided by section 20 of the wills act (Gen. Stat. 1901, § 7957) the contest of the nicer and more difficult questions, a contest in which issues are duly formed, evidence properly produced, and the machinery found for obtaining a jury should one be ordered. Upon the application to admit to probate, a party interested in having the application denied may not, as a matter of right, demand the examination of his witnesses in opposition. Just to what extent this preliminary examination ought to go it is difficult in any one case to say; it can be said, however, that it is not a contest; that is left for another proceeding in another forum. In the rough, it is probably sufficient to say that it should go only to the extent that a *prima facie* case is made in favor of the validity of the will." (Page 618.)

To the same effect is *Lanning v. Gay,* 70 Kan. 353, 78 Pac. 810, 85 Pac. 407.

Plaintiffs in error argue that, as it is the duty of courts to presume that an act of the legislature is not meaningless but intended to make some change in existing laws, the holding of the district court was erroneous. This argument is grounded upon the assumption that the district court held that section 1 of the act of 1905 does not change either the procedure or the issues in an application for the probate of a will. But the district court did not so hold; nothing in the decision is said concerning a change in procedure. The court only holds that the amendment does not change or enlarge the issues. The decision, therefore, can be said to leave a field of operation for the amendment in

the change of procedure in reference to the production of testimony.

If the legislature intended, in view of what was held in *Hospital Co. v. Hale, supra,* to change the issues, and to provide for an action in which the will might be contested, and, as plaintiffs in error contend, afford a cumulative remedy to that provided for in section 20 of the wills act (Gen. Stat. 1901, § 7957), the language used falls far short of indicating such a purpose. The amendment provides that "the testimony of the witnesses to such will and such other testimony as the court may order shall be reduced to writing and subscribed by them and filed." In an ordinary action the court is given no discretion to order only a part of the testimony reduced to writing. No provision seems to have been made for anything that can be likened to a civil action; and there is no apparent purpose to provide for a regular contest of a will, as in section 20, *supra.* It is contended by plaintiffs in error that the amendment provides for what amounts to a contest, and considerable learning is adduced in support of the meaning of the word "contest." The word itself nowhere appears in the amendment; but conceding that the procedure, as amended, permits a contest to be made, it does not necessarily follow that all that is usually denominated a contest of a will is intended. Under the provisions of section 20 of the wills act a contest of a will has always been considered as a formal proceeding by a civil action, in which the issues are defined by formal pleadings, and the rules of evidence for and against the issues established by repeated rulings. Either party may demand a jury.

It must be observed in this connection that section 15 of the act was not repealed expressly, nor was it amended. It reads as follows:

"If it shall appear that such will was duly attested and executed, and that the testator at the time of executing the same was of full age and sound mind and memory, and not under any restraint, the court shall admit the will to probate." (Gen. Stat. 1901, § 7952.)

Unless this was repealed by implication it is still in force. There is nothing in the act which indicates such a purpose, and repeals by implication are not looked upon with favor. The whole act, therefore, and every part of it after the amendment of section 12, must be given effect. The different sections must be construed in harmony with each other. (*Wenger v. Taylor,* 39 Kan. 754, 18 Pac. 911.)

This section, as construed in *Hospital Co. v. Hale,* 69 Kan. 616, 77 Pac. 537, defines the issues; and, as it has not been repealed, it must follow that the issues in an application for the probate of a will were not changed by the amendment, but remain the same. The procedure so far as the production of testimony is concerned has simply been enlarged. In our opinion the amendment only extended the right which the court in *Hospital Co. v. Hale* referred to when it used this language:

"Upon the application to admit to probate, a party interested in having the application denied may not, as a matter of right, demand the examination of his witnesses in opposition." (Page 619.)

Counsel for plaintiffs in error propound the question, If a will has been obtained as the result of undue influence has it been duly executed within the meaning of the law? The answer to this question, which is obvious, does not dispose of the contention as to what the legislature intended by giving to a person opposed to the probate the right to demand the examination of his witnesses. The question often arose under the law as it stood before the amendment; the answer then was the same as now. A will obtained by undue influence is not a valid will. Nevertheless a will might be entitled to probate which has in fact been obtained by undue influence, provided a *prima facie* showing is made to the effect that it was duly attested and executed, and the testator was of full age and sound mind and memory, and free from restraint at the time it was executed. Afterward, upon a showing of undue in-

fluence, it would not be permitted to stand, for the reason that it had not been duly executed as a valid will within the meaning of the law.

But it is argued that the district court should have permitted the parties opposing the probate to introduce the testimony of their witnesses, if any effect is to be given to the amendment. Separate error is urged on account of the refusal.

The evidence which was rejected by the trial court was only relevant for the purpose of showing that the testatrix was not free from illegal restraint at the time she executed the will. The theory upon which it was offered was that for several years she had been under the undue influence of the beneficiary by reason of the immoral relations which it is claimed existed between them and the relation of confidential adviser which he sustained to her, and that proof of these things established the restraint at the time the will was executed. These matters, however, can hardly be said to have respect so much to her freedom from restraint at the time the will was executed as to the general question of undue influence arising from the relations of the parties during a period extending over a considerable time prior to its execution. They involved facts which manifestly were more appropriate to a contest such as is provided for in section 20 of the wills act. (Gen. Stat. 1901, § 7957.)

Notwithstanding the amendment, we think it is still true, in the language of *Hospital Co. v. Hale,* 69 Kan. 616, 77 Pac. 537, that "just to what extent this preliminary examination ought to go it is difficult in any one case to say; it can be said, however, that it is not a contest; that is left for another proceeding in another forum." (Page 619.) In other words, the same uncertainty with reference to the scope of the inquiry still exists, we think, in spite of the amendment; and the only change is in giving to the party opposed to the probate of the will what was formerly denied him—the right to have his witnesses examined upon the issues

involved. The examination is still preliminary in its character.

Each case depends to some extent upon its own facts and circumstances; but it rests largely in the discretion of the probate court, or the district court on appeal, to determine the extent of the inquiry which is proper in respect to such matters as undue influence when it is claimed by those who oppose the probate that the will was obtained by undue influence amounting to the restraint contemplated by section 15. (Gen. Stat. 1901, § 7952.)

When the court can see from the character of the evidence offered in opposition that it involves matters which it is probable that either party will desire submitted to a jury, and belongs peculiarly to a regular contest of the will, and that, notwithstanding the evidence offered, it should not be allowed to overcome the *prima facie* showing made by the proponent, it lies in the discretion of the court to admit the will to probate and relegate the controversy to a more formal field. Only a *prima facie* showing is required to admit a will to probate, and this rule has not been abrogated by the act of 1905. A different rule of evidence obtains in the rejection of a will, and a court should not refuse to admit a will to probate unless, for some of the reasons mentioned in section 15, the court finds conclusively from the evidence that it should not be probated.

It was in 1905 that the legislature abolished the ancient privilege of a second trial in ejectment because experience had proved its exercise a useless, dilatory and expensive ceremony. We find it difficult to believe that the same legislature intended by amending section 12 of the wills act to establish a procedure by which there should be two trials for the purpose of contesting a will.

The judgment is affirmed.