DANIEL ROSS v. LYDIA Z. WOOLLARD.

No. 14,937   (89 Pac. 680.)

SYLLABUS BY THE COURT.

1. PRACTICE, PROBATE COURT — *Equitable Jurisdiction.*   A probate court in this state has no equitable jurisdiction.

2. PRACTICE, DISTRICT COURT—*Jurisdiction on Appeal.*   A district court on the trial of an appeal *de novo* from a probate court has such powers and jurisdiction only as had the court from which the appeal was taken.

Error from Franklin district court; CHARLES A. SMART, judge.   Opinion filed March 9, 1907.   Affirmed.

*J. W. Deford,* and *Ralph E. Page,* for plaintiff in error.

*W. H. Clark,* and *W. J. Costigan,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: Two wills purporting to have been made by Caroline Ross in her lifetime were offered for probate in the probate court of Franklin county—one by each of the parties to this suit in this court.   A joint hearing was had and evidence was offered by each proponent, and upon consideration thereof the court found that each of the proposed wills had been revoked by Mrs. Ross and refused to admit either one to probate. Each of the proponents appealed to the district court, and after hearing the evidence offered by both parties the district court made the following findings of fact and conclusions of law:

"FINDINGS OF FACT.

"(1) Caroline Ross in her lifetime was the widow of George O. Ross, late of Franklin county, Kansas. George O. Ross departed this life on or about the 25th day of December, 1899, leaving as his heirs at law Caroline Ross, his widow, and Daniel Ross, Henry Ross, Louisa Hettler, Lydia Z. Woollard, Martinius Ross, and Phœbe Baker, his children.   At the time of

his death he was the owner of the southwest quarter of section 4, township 18, range 21, in Franklin county, Kansas.

"(2) Sometime shortly prior to the 4th day of December, 1902, Caroline Ross and Daniel Ross entered into a verbal agreement whereby it was agreed that Daniel Ross should care for his mother, Caroline Ross, during the term of her natural life, in consideration of which promise she agreed to give to him by will her interest in the real estate above described. At this time both Daniel Ross and Caroline Ross were living upon this real estate as their home.

"(3) On the 4th day of December, 1902, and in pursuance of this agreement, Caroline Ross and Daniel Ross went to the office of John W. Deford, in the city of Ottawa, where they explained to Mr. Deford this agreement, and Caroline Ross advised Mr. Deford that she wanted a will prepared that would carry out the terms of this agreement. She was advised by Mr. Deford that such a will would not only be a will, but a contract, too, to which advice she replied that that was her intention. Whereupon Mr. Deford prepared for her the will bearing date December 4, 1902, which was made in duplicate, was executed by Caroline Ross, and witnessed by John W. Deford and William A. Deford. After the execution of the will Caroline Ross made inquiries as to what was the proper thing to do with the duplicate wills, and was advised by Mr. Deford that she could keep them, or she could deposit them in the probate court, or she could deposit one in the probate court and deliver the other to Daniel. Accordingly, one of the wills was placed in an envelope and sealed and Mr. Deford wrote upon the envelope in substance: 'Will of Caroline Ross, executed December 4, 1902. To be delivered to my son Daniel Ross in case of my decease.' This she signed and delivered to Daniel Ross, with instructions to deposit it in the probate court, which he accordingly did. The other duplicate she delivered to Daniel Ross, or it was delivered to him by Mr. Deford in her presence, and with her knowledge and consent.

"(4) On September 25, 1903, the said Caroline Ross went to the law office of Gamble and Costigan, and there executed another will in duplicate, by the terms of which she gave one-half of the real estate in question to her daughter Lydia Z. Woollard and the other

half to her son Daniel Ross, which will was witnessed
by E. H. Gamble and W. J. Costigan. At the time of
the execution of this will Caroline Ross caused to be
taken from the probate court the will executed by her
on December 4, 1902, and wrote across the face there-
of: 'This will is revoked September 25, 1903. Caroline
Ross. Witness: E. H. Gamble, W. J. Costigan.'. This
she did intending to revoke the same. One copy of
the will of September 25, 1903, was sealed in an en-
velope and deposited in the office of the probate court;
the other was left with the firm of Gamble & Costigan.

"(5) About July 13, 1905, Caroline Ross caused to
be taken from the office of the probate court the will so
executed by her on September 25, 1903, and destroyed
the same by burning it with the intention of revoking
it. The copy left with the firm of Gamble & Costigan
was never taken from the hands of that firm, but re-
mained there at the time of her death. Some time
after July 13, 1905, Caroline Ross departed this life
in Franklin county, Kansas.

"(6) Daniel Ross is now and has been since some
time prior to the execution of the will of December 4,
1902, in possession of the real estate in question.

"(7) By deed under date of March 28, 1904, all of
the interest of Louisa Hettler and Henry Ross in and
to said lands was conveyed to Daniel Ross and Lydia
Z. Woollard, which conveyance not only transferred
their then estate but all future interest that might
come to them by like deeds. Daniel Ross now owns all
of the said real estate except the interest of Lydia Z.
Woollard held by her by deed and by inheritance. And
the real estate in controversy is worth more than one
thousand dollars.

"CONCLUSIONS OF LAW.

"(1) The said Caroline Ross undertook on Septem-
ber 25, 1903, to revoke the will of December 4, 1902.

"(2) If the said Daniel Ross has any rights under
and by virtue of the will of December 4, 1902, he must
enforce such rights in a court of equity.

"(3) There should be a judgment against Daniel
Ross for costs."

There is no contention that the findings of fact are
not supported by the evidence. It is contended, how-
ever, that the will in favor of Daniel Ross, executed in
December, 1902, was contractual, and was made for a

25—75 KAN.

valuable consideration, rendered before the execution of the will and also to be rendered thereafter; that in the absence of any claim to the contrary it is to be presumed that the executory part of the contract was performed by Daniel Ross; that these facts, which are undisputed, rendered this will irrevocable.

Considered simply as a will, this instrument was revoked by the subsequent one executed in September, 1903. (Gen. Stat. 1901, § 7975.) The fact being established that Mrs. Ross had executed a subsequent will, which by express terms revoked the one presented by her son, debarred the latter will from probate, and the court could, as it did, only refuse to admit it to probate. This exhausted its jurisdiction and ended the case in that court. In this state probate courts have no equitable jurisdiction, and the district court, hearing the case on appeal, not on error, had the same powers as the court from which the appeal was taken, and no greater jurisdiction. (*Phillips v. Faherty*, 9 Kan. App. 380, 58 Pac. 801; *Lawrie v. Lawrie*, 39 Kan. 480, 18 Pac. 499; *Sims v. Kennedy*, 67 Kan. 383, 73 Pac. 51.)

It matters not that the will of September, 1903, was in turn revoked. At common law the revocation of a subsequent will which revoked either expressly or impliedly an earlier one effected a revival or republication of the earlier will. This common-law rule has, however, been abrogated in this state. (Gen. Stat. 1901, § 7976.)

It follows, therefore, that the judgment of the district court is not erroneous and it must be affirmed. It does not follow, however, that Daniel Ross has no rights under the contract, if it be a contract, in consideration of which the will of December, 1902, purports to have been executed. A court of equity alone is competent to determine the facts relating thereto, and the remedy, if any, to which he is entitled. (*Baldwin v. Squier*, 31 Kan. 283, 1 Pac. 591; *Anderson v. Anderson*, ante, p. 117.

The judgment of the district court is affirmed.