No. 25,611

S. J. CRAIG, *Appellant,* v. W. S. LANGMADE, as Executor, et al.,
*Appellees.*

### SYLLABUS BY THE COURT.

1. WILL—*Action to Set Aside—Motion for Judgment on Pleadings—Matters
for Consideration by the Trial Court.* On consideration of a motion for
judgment on the pleadings, filed by the plaintiff, it was proper for the court
to consider the whole record and give judgment to the party who, on the
whole, appeared entitled to it.

2. SAME—*Motion for Judgment on Pleadings—Motion Carried Back to Peti-
tion and Sustained.* And under the circumstances recited in the opinion it
was not error for the court to carry plaintiff's motion back to the petition
and sustain it.

3. SAME—*Errors Alleged Without Merit.* Various alleged errors considered,
but held to be without substantial merit.

Appeal from Rawlins district court; WILLARD SIMMONS, judge. Opinion filed
January 10, 1925. Affirmed.

*W. H. Cowles,* and *J. M. Stark,* both of Topeka, for the appellant.

*W. S. Langmade,* of Oberlin, *E. E. Howard, C. A. P. Falconer, J. H.
Briney,* and *Herbert Howland,* all of Atwood, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The action was one by the plaintiff to set aside the
will of Sarah E. Morse (formerly plaintiff's wife). A motion by
plaintiff for judgment on the pleadings was sustained and judgment
rendered thereon for the defendants. Plaintiff appeals.

The issues involved here have been adjudicated in the cases of
*Craig v. Craig,* 110 Kan. 13, 202 Pac. 594, and *Craig v. Craig,* 112
Kan. 472, 212 Pac. 72. The facts are fully set out in those cases.
A few pertinent matters, however, may be noted. The plaintiff and
Sarah E. Craig were married October 2, 1916. She was twelve years
his senior. Their marriage resulted unhappily. She left him three
times, and in 1919 sued for divorce, which was granted March 27,
1920. He appealed to this court. Pending the appeal she became ill
and was taken to a hospital at Atwood, Kan. She became of un-
sound mind, incapable of transacting business, and while in this
condition the plaintiff fraudulently procured her signature to a
stipulation providing for reversal of the judgment of divorce. The
stipulation was filed in this court and an order of reversal entered
thereon. In due time, on motion showing the circumstances, this
court set aside its order of reversal and affirmed the original judg-

ment of divorce entered on March 27, 1920. A commissioner appointed by this court found that when she signed the stipulation for dismissal of the appeal she was of weak and unsound mind. During her illness and while of unsound mind she was taken from the hospital by the plaintiff, and destroyed a will which she had made after the entry of the decree for divorce in the trial court. This is the will now in controversy. After destroying the will, and before this court had set aside its order of reversal, Sarah Morse died. After her death a copy of the destroyed will was filed in the probate court of Rawlins county. It was there admitted to probate June 9, 1921. The plaintiff, S. J. Craig, appealed from the order of the probate court to the district court. The district court upheld the will and ordered it admitted to probate. Plaintiff appealed from that decision to this court. The decision was here affirmed. (*Craig v. Craig*, 112 Kan. 472, 212 Pac. 72.)

The plaintiff contends that the will made by Sarah Morse was revoked and destroyed by her and that the copy thereof which was probated, or attempted to be probated, was null and void and of no effect; that the probate court was without power to probate the will because it was destroyed before her death.

Plaintiff's contention is not sound. At the time of the attempted revocation and destruction of the will Sarah Morse was of unsound mind and not capable of revoking or changing her will in any manner. The probate court was clothed with power to find and determine that the will or copy thereof filed and offered for probate was the will of Sarah Morse, deceased. (*Craig v. Craig*, supra.) It is next argued that "the judgment in the divorce case was not an adjudication of anything, because after Mrs. Craig's death in April, 1921, there was no jurisdiction in 1923 to dissolve the marital status reëstablished in February, 1921." Plaintiff overlooks the fact that when this court set aside its order of reversal and affirmed the judgment of divorce the affirmance related back to the entry of the decree by the district court in March, 1920.

Plaintiff contends that all the original proceedings had in the probate and district courts and in this court were special proceedings which do not prevent him from now contesting the will in the present case. In support of this theory he cites *Hospital Co. v. Hale*, 69 Kan. 616, 77 Pac. 537; *Lanning v. Gay*, 70 Kan. 353, 78 Pac. 810, and other cases.

The rule announced in *Hospital Co. v. Hale* is not applicable here, because plaintiff fully contested the will in the former proceedings,

just as fully and effectively as though a direct proceeding had been filed for that purpose. The action was so treated and considered by the parties, including the plaintiff. A paragraph of the syllabus in *Craig v. Craig*, 112 Kan. 472, 212 Pac. 72, covers the matters here urged by the plaintiff so fully that reference thereto is proper. It reads:

"Following the reversal of the judgment for divorce and the dismissal of that action in the district court, the former wife of appellant executed a will revoking her former will and leaving her property to be disposed of under the statute of descents and distributions. At the same time she destroyed the former will. The devisees named in the destroyed will brought proceedings in the probate court to establish and probate the destroyed will, alleging that it had been fraudulently and involuntarily destroyed between January 22, 1921, and the death of the testatrix, which occurred on April 17, 1921, and that the testatrix was throughout this period mentally incapable of making or revoking a will. The probate court made an order establishing the will and probating it. An appeal to the district court resulted in a judgment establishing the contents of the destroyed will and ordering it probated. The contention of appellant that because of sections 50 and 53 of the statute of wills, it was necessary for the proponents to show that the will was lost or destroyed subsequent to the death of the testatrix, considered and *held* to be without merit and that the courts have power to establish a will lost or destroyed before the death of a testator without a statute expressly authorizing the establishment of such a will; and further *held*, that by reason of the judgment of divorce, the former husband, appellant, has no standing to object to the probate of the will or to prosecute the appeal." (¶ 8.)

It was pertinently remarked by the court in the opinion that, "More attention would be paid to them (claims of plaintiff) were it not for the fact that by reason of the decision in the divorce case he (plaintiff) has no standing to raise objections to the probate of the will, or in fact to prosecute this appeal." (p. 482.)

No useful purpose would be accomplished by further discussion of the facts or authorities. The present appeal is from an order of the district court sustaining plaintiff's motion for judgment on the pleadings, which was carried back and sustained against plaintiff's petition. The will in question had been fully contested by the plaintiff. in the probate court, in the district court, and in this court, on appeal. The answer of the defendants in the instant case alleged such former adjudication, and the trial court properly carried plaintiff's motion for judgment on the pleadings back to his petition and sustained it. It was proper for the court to consider the whole record and give judgment to the party who, on the whole, appeared entitled to it. (31 Cyc. 606.)

The record presents no error. The judgment is affirmed.