No. 26,164.

In re Will of JOHN C. WITT, Deceased; KATIE T. PEE, *Appellant,* v. L. W. CARLYLE, *Appellee.*

### SYLLABUS BY THE COURT.

WILLS—*Persons Entitled to Propose Probate—Jurisdiction of Probate Court— Judgments Res Judicata—Limitations of Actions.* The maker of a will disposing of real estate died in 1908. In 1915 the person named in the will as devisee of the remainder after a life estate, applied to the probate court for an order for production of the will for probate. The order was issued, and the will was produced. The court found the devisee had no interest in the property or estate of the testator, and dismissed the proceeding. The life tenant died in September, 1923, and in January, 1924, the remainderman made application to the probate court for probate of the will. *Held:*

1. The applicant was, in 1915, and still is, a person interested in production and probate of the will.

2. When the will was produced in the probate court, it was the duty of the court to cause the witnesses to the will, and other witnesses, if those interested desired, to come before the court and be examined, to determine whether the will was duly executed and attested, and whether the testator was of full age, of sound mind, and under no restraint, and to enter an order either probating or refusing to probate the will.

3. The probate court had no jurisdiction to determine property rights under the will.

4. The issue of will or no will not having been investigated or determined in the 1915 proceeding, the subject matter of the proceeding initiated by the 1924 petition to probate, is not *res judicata.*

5. The 1924 proceeding is not barred by the two-year statute of limitations applicable to proceedings to contest an order of the probate court probating or refusing to probate a will.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed February 6, 1926. Reversed.

*E. L. Burton* and *Carl V. Rice,* both of Parsons, for the appellant.

*Archie D. Neale,* of Chetopa, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The appeal was taken from a judgment of the district court affirming an order of the probate court dismissing an application to probate a will.

Courts, 15 C. J. pp. 1017 n. 7, 1064 n. 46. Wills, 40 Cyc. pp. 1229 n. 9, 1256 n. 17, 1376 n. 11; 28 R. C. L. 360.

Pee v. Carlyle.

John C. Witt died in 1908, leaving a will giving real and personal property to his wife, Alice Witt, for life, and after her death to Catherine Todd, known as Katie Witt, now Katie T. Pee. The will contained a further provision that, if Alice Witt remarried, all property, real and personal, then remaining, should go to Katie Witt. Alice Witt was named executrix. In 1915, on application of Katie Witt for an order for production and probate of the will, Alice Witt was ordered to produce the will in probate court. The order was obeyed, and Katie Witt moved for subpœnas for the subscribing witnesses. Alice Witt objected to probate of the will, and, on consideration of the terms of the will, the probate court entered the following order:

"And now, to wit: On this 16th day of November, A. D. 1915, the above named matter coming on for further hearing, the court, after being fully advised and informed in the premises, finds that the said Katie T. Pee has no interest in the property and estate of the said John C. Witt, deceased; that the only person who has any interest in the said property and estate is the said Alice Witt, who is by the provisions of said will made the executrix thereof; and the court finds that the said Alice Witt objects to the filing and probate of the said will. It is therefore considered and adjudged by the court that the petition of the said Katie T. Pee should be and the same is hereby dismissed; . . ."

Katie Witt attempted to appeal from the order, but procedural requirements were not met, and the appeal was not perfected. Alice Witt died in September, 1923, and in January, 1924, Katie Witt, then Katie Pee, filed a petition in the probate court for probate of the will. L. W. Carlyle moved that the petition be stricken from the files, and that the proceeding be dismissed on the following grounds: The court was without jurisdiction; the proceeding was barred by the statute of limitations; and the judgment rendered in the 1915 proceeding was *res judicata*. The probate court sustained the motion and, as indicated, the district court approved the action of the probate court.

The statute provides that the executor, or any person interested in a will, may cause it to be brought before the probate court, and the court may compel a person having custody of a will to produce it for the purpose of having it proved. (R. S. 22-208.) When the will has been produced, the court shall cause the witnesses to the will, and other witnesses, if any person interested for or against admitting the will to probate desires, to come before the court, and be examined in open court (R. S. 22-213), and if it shall appear

that the will was duly executed and attested, and that the testator at the time of executing the will was of full age, of sound mind and memory, and not under any restraint, the court shall admit the will to probate. (R. S. 22-218.)

When Katie Witt petitioned the probate court in 1915 for an order requiring production of the will, she stated her interest as follows:

"Your petitioner alleges that in his lifetime, said J. C. Witt executed and published his last will and testament by which he disposed of his property, both personal and real, all situated in Labette county, Kansas; that in said will your petitioner was named as a legatee and devisee, whereby she is interested in his estate, and in the production and probate of said will.

"That your petitioner is interested in having said will probated in order that she may know the character and extent of her interest in the estate of said deceased, and that her said interest may be effectually ascertained, declared, preserved, and made effective in her."

The petition was verified, and prayed that the will might be proved. The statute speaks of the "person interested." The probate court is not obliged to respond to the demand of a mere intruder, but any one is interested who may desire to make any legal use of the will. It is enough that a person may desire to found a claim upon it, or use it as evidence, or might be prejudiced if the will were not proved. Interest sufficient to compel production of a will for probate is provable by the oath of the person applying for the order, and the fact that a person is named as a beneficiary in the will establishes his interest in its production and probate. (*Sarah Finch and others v. Jesse Finch*, 14 Ga. 362, 364; *Stebbins v. Lathrop*, 4 Pick [21 Mass.] 33, 42; *Ryan v. Texas & Pacific R. R. Co.*, 64 Tex. 239, 242.)

The probate court does not order a will to be produced in court for inspection, but "for the purpose of being proved." (R. S. 22-208.) If the person having custody of the will neglect or refuse to "produce the same for probate" after citation to do so, he may be kept in custody until he does produce it. (R. S. 22-211.) When the will has been produced, the statute provides that the court shall cause the witnesses to the will to come before the court and be examined. (R. S. 22-213.) There is no other procedure. Privilege to make a will would be a barren privilege if it did not extend to probate; and the court having acquired possession of the *res*, proceeds without notice and irrespective of the attitude of living persons, to find if the will was freely executed by a competent person as his will and was duly witnessed. The proceeding is *in rem*, exec-

utor, proponent, devisee, legatee, or other person interested is not a party in the sense that he has authority to withdraw the subject matter from the court's jurisdiction, and there can be no nonsuit. (Will of Rice: *Cowie v. Strohmeyer,* 150 Wis. 401, 448; *Enloe v. Sherrill,* 28 N. C. 212, 215.) If it shall appear that the will was duly executed and attested, and that the testator possessed the requisite testamentary capacity and was under no restraint, the court shall admit the will to probate. (R. S. 22-218.) The law does that much for the dead man. Those who consider their interests may be affected by the will, may then fight over it like men and brothers.

In this instance, a person indisputably interested in probate of the will, regularly procured an order upon the custodian to produce it, and the order was duly obeyed. As indicated, it was then the duty of the court to proceed to determine whether the will was entitled to probate; but besides that, the court had before it a petition to probate the will by a person named as legatee in the will, and an application for subpoenas for the subscribing witnesses. The issue presented was, will or no will; was the instrument duly executed and attested, and was the testator of full age, of sound mind, and free from restraint? (*Hospital Co. v. Hale,* 69 Kan. 616, 77 Pac. 537; *Lanning v. Gay,* 70 Kan. 353, 78 Pac. 810, 85 Pac. 407; *Wright v. Young,* 75 Kan. 287, 89 Pac. 694.)

That issue the court did not determine. The court did not even take the essential preliminary steps to a hearing, and the issue remains to this day not merely undecided, but uninvestigated. What the court did was to interpret the will and decide a question of property right under the will.

The question whether the testator intended that the life tenant might convey the land in fee, and thereby defeat the remainder, was not determinable in a proceeding to probate the will, and was beyond the jurisdiction of the probate court in any kind of a proceeding. In a proceeding to probate a will, the inquiry is limited to the single subject, Is the instrument a will? If so, it is entitled to probate; if not, it is not entitled to probate. A will has no effect other than potentiality until it has been probated. If probate be refused, the instrument cannot serve as foundation of a claim to property. If the instrument be admitted to probate, claims to property may be based upon it. Such claims may be well founded, or ill founded, but they cannot be litigated in the probate court; and they cannot be litigated in the district court on appeal from the probate court.

The district court, on appeal, has merely probate jurisdiction. (*Rose v. Woollard,* 75 Kan. 383, 89 Pac. 680.) The result is, the subject matter of Katie Pee's 1924 application to probate the will is not *res judicata.*

The statute of limitations invoked in opposition to probate of the will reads as follows:

"If no person interested, or claiming to be interested, shall appear within two years from the time of the making of any order by a probate court, probating or refusing to probate the will and contest the same, such order shall be forever binding, saving, however, to persons under legal disability, the period of two years after such disability is removed." (R. S. 22-222.)

This statute was amended by chapter 160 of the Laws 1925. The amendment does not apply to any action or proceeding pending when the amendment became effective, or to the portion of the statute now under consideration. The order probating or refusing to probate a will, referred to in the statute, is an order determining the issue whether the will was duly executed and attested, and whether the testator was of full age, of sound mind, and free from restraint. No such order has yet been made. No other statute of limitations prevents probate of Witt's will, and of course the probate court has jurisdiction to do so.

The judgment of the district court is reversed, and the cause is remanded with direction to reverse the judgment of the probate court.

HARVEY, J. (dissenting in part): In my judgment the proceeding had in the probate court in 1915 was a refusal to probate within the meaning of the statute.

HOPKINS, J., joins in this dissent.