ROBERT LAWRIE *et al.* V. THOMAS LAWRIE, *as Executor, etc.*

1. WILL—*Appeal from Probate Court.* An appeal lies to the district court from a decision of the probate court refusing to admit a will to probate.

2. WILL; *Probate Resisted; Costs.* Where proceedings are had under the statute to prove a will that result in establishing the same, and interested parties come into court and resist the probate, they are liable and may be taxed for the costs of the proceeding arising from their opposition.

*Error from Brown District Court.*

AT the November term, 1886, the district court found that a certain will offered for probate was the last will and testament of Robert O. Lawrie, deceased, and that at the time of its execution the testator was of full age, sound mind and memory, and not under any restraint; and the court ordered and adjudged that said will be probated as such, and that Thomas Lawrie, as executor thereof, recover from the contestants the costs, taxed at $89.80. The opposing heirs bring the case to this court. The material facts appear in the opinion.

*C. W. Johnson,* for plaintiffs in error.

*B. F. Killey,* and *Jas. Falloon,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: On February 18, 1886, Robert O. Lawrie died, in Brown county, leaving the parties to this proceeding as his heirs. Prior to his death he made a will, and left the same in the possession of a neighbor, in which he designated his son Thomas as executor. On March 15, 1886, the will was produced and opened in the probate court, and Thomas Lawrie asked to have the same admitted to probate, but this application was resisted by the other heirs. The hearing of the application was continued on the request of the opposing heirs, until March 23, 1886, to enable them to obtain testimony for the purpose of showing that Robert O. Lawrie, deceased, was not in a competent or sound or disposing con-

dition of mind at the time the will was executed; and at that time numerous witnesses were called and sworn on the one part to establish the due execution and validity of the will, and upon the other to overthrow and prevent the same from being admitted to probate. The hearing and argument were finally concluded on April 6, 1886, when the probate court found and declared that the will was made by Robert O. Lawrie while he was under restraint and undue influence, and it was adjudged that the same be not admitted to probate. The executor gave notice that he would appeal from the decision to the district court, and tendered an appeal bond, which was approved. A transcript of the proceedings in the probate court was transferred to the district court, where the appeal came on for hearing at the November term, 1886, and by consent of all it was submitted to the court without a jury. It was there found by the court that the will offered for probate was the last will and testament of Robert O. Lawrie, deceased, and that at the time of its execution he was of full age, sound mind and memory, and not under any restraint. The judgment and decree of the court was that the instrument should be admitted to probate and recorded as the last will and testament of Robert O. Lawrie, deceased, and that Thomas Lawrie should recover from the opposing heirs the costs of this proceeding. Exceptions to the findings and judgment of the court were taken, and the case has been removed to this court for review.

Two questions are presented by the record for our determination: First, whether an appeal lies from a decision of the probate court refusing to admit a will to probate; and second, whether the costs of the proceedings can be taxed against those resisting the application for probate. It may be observed that no objection was made by the plaintiffs in error to the taking of an appeal, nor did they make any motion in the district court to dismiss the same. The record recites that all parties were before the district court and joined in "submitting, all and singular, the matters in controversy" to that court, and

the question of the right of appeal in such a case was not raised until an adverse ruling was made on the merits. Whether an appeal to the district court is allowable from such an order, is to be determined from the statutes. Provision is made for appeals from the probate court in § 188, ch. 37, Comp. Laws of 1885, where, after enumerating twelve special instances in which appeals may be taken, the following sweeping clause is added: "And in all other cases where there shall be a final decision of any matter arising under the jurisdiction of the probate court, except in case of *habeas corpus* and injunction." This decision is broad and inclusive, and certainly embraces an order refusing to admit a will to probate, if that can be regarded as a final decision. Our statute of wills, (Comp. Laws of 1885, ch. 117,) provides how wills may be probated and contested, and contains substantially all the legislation upon the subject. By that statute, jurisdiction of matters relating to the proof of wills and the admission of the same to probate, is vested in the probate courts, while the authority to contest and set aside a will which has been probated is given to the district court of the county in which the will was proved. The probate court may require by citation and attachment any person having the custody or control of a will to produce it before the court for the purpose of having it proved. (Sec. 7.) When it is offered for probate, a hearing is had in open court, and the witnesses to the will are brought before the court, as well as any other witnesses or persons interested, and their testimony is reduced to writing, and subscribed by them. (Sec. 12.) The deposition of witnesses who are absent or infirm may be taken upon a commission with the will annexed, and if the court is satisfied from all the testimony that the will was duly attested and executed, and that the testator was of full age and sound mind and memory, and not under any restraint, it must admit the will to probate. (Sec. 15.) When it is admitted to probate, it is filed in the office of the probate court and recorded, together with the testimony, in a book kept for that purpose. No other method is prescribed for probating a will, and it is expressly

provided that "no will shall be effectual to pass real or per-
sonal estate unless it shall have been duly admitted to probate,
or recorded, as provided in this act." (Sec. 29.) From this it
will be seen that the jurisdiction of the probate court in the
matter of admitting a will to probate is exclusive in its charac-
ter and important in its results. A will thus established is
conclusive upon every one until it is set aside in a proceeding
brought for that purpose. Any person interested may, within
two years after the will is proved, contest its validity, and in
such an action the order of the probate court is *prima facie*
evidence of the due attestation, execution and validity of the
will. A proceeding in the probate court upon an application
for probate is somewhat summary and informal, but the court
has jurisdiction of the subject-matter and of the interested
parties who came before it seeking either to have the will estab-
lished or rejected. Ordinarily, there is no opposition to an
application of this kind, and then very little proof of the death
and competency of the testator is required; and it is generally
the case that parties questioning the validity of wills prefer to
go into the district court, where all parties can be brought in
and a more thorough investigation had. However, the con-
test which it is provided may be had in the district court only
follows upon the probate of a will; and as we have seen, neither
real nor personal property intended to be conveyed by a testa-
mentary instrument is affected or transferred until it has been
proved and recorded in the probate court. When an applica-
tion for probate is made, a hearing had, and the will is re-
jected, the decision of that court refusing to probate is a final
disposition of the application and of the matter submitted.
All the merits of the case have been decided, and nothing is
reserved by the court for future consideration or disposition.
In view of the fact that nothing remains in the court for
future order or judgment, and of the effect of a
refusal to admit the will to probate, the decision

1. Will—refusal
to probate—
appeal.

rejecting it is clearly final, and falls within the
orders of the probate court from which the statute permits an
appeal to the district court. In the district court the matter

is heard and determined anew, without regard to any error or defect in the proceedings of the probate court, and the provisions respecting the mode and disposition of an appeal do not conflict with the requirements of the statute of wills in regard to perpetuating the proof of wills upon the records of the probate courts. The statute concerning appeals declares that when the appeal is determined, "The clerk of the district court shall certify a transcript of the record and proceedings in the district court and the original papers to the court whence the appeal was taken, who shall proceed according to the decision of the district court." The right to appeal from decisions in proceedings for probate is created by statute, and there is little similarity in the laws of the several states respecting the same. The cases cited by plaintiffs in error of decisions in other states are founded upon statutes unlike our own, and hence are not authority here.

In regard to the question of costs, a modification of the judgment seems to be necessary. From the record it appears that all the costs incurred in the proceeding were taxed against the opposing heirs, who are plaintiffs in error. By coming into the court and resisting the probate of the will, they became adversary parties, so far at least as to make 2. Will; probate resisted; costs. them liable for the costs arising from such opposition and contest. But this is the limit of their liability, and they cannot be taxed for costs that would have been incurred in the proceeding if no opposition had been made; and upon this basis the court should adjudge the costs in this proceeding.

A question is made upon the finding of the court determining that two papers or instruments constituted the will; but as this can only be determined from all the testimony, and as none of it has been brought up in the record, the question is not properly before us. All that has been determined in the case is, that the will shall be admitted to probate, and the decision of that question in favor of the will will not preclude any interested party from contesting its validity by a civil ac-

tion in the district court at any time within two years after it was admitted to probate.

The judgment of the district court will be affirmed, except as to the costs, and in that respect it shall be modified so as to divide the costs between the parties in accordance with the direction given in the opinion. The costs in this court will be divided.

All the Justices concurring.