*In re* the Probate of the Will of Thomas J. Durant, Deceased (ALVIN CAMPBELL et al., Proponents, *Appellees*) V. CHRISTINA DURANT, Opponent, *Appellant.*

No. 18,074.

SYLLABUS BY THE COURT.

WILL—*Refusal to Admit to Probate—Appeal to District Court May be Taken.* An appeal will lie to the district court from a decision of the probate court refusing to admit a will to probate, notwithstanding the amendment of 1907 to sections 19 and 20 of the act relating to wills (Gen. Stat. 1909, §§ 9795, 9796), by which such order may be contested in a civil action in the district court brought within three years after the refusal to probate, the remedy provided by such amendment being held merely cumulative to that authorizing appeals from final decisions in the probate court (Gen. Stat. 1909, § 3624).

Appeal from Cloud district court. Opinion filed April 12, 1913. Affirmed:

*Park B. Pulsifer,* and *Charles L. Hunt,* both of Concordia, for the appellant.

*F. W. Sturges, Fred W. Sturges, jr.,* both of Concordia, *R. D. Garver,* and *T. F. Garver,* both of Topeka, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The widow of Thomas J. Durant, deceased, opposed the probate of his will when it was presented to the probate court and the will was denied probate. The proponents, who are beneficiaries under the will, appealed to the district court. The widow moved to dismiss the appeal upon the ground that the court had no jurisdiction. Her motion was overruled. A hearing was had, the court refusing to hear the testimony of any witness other than those subscribing to the will, although the widow offered to prove by a number of witnesses that at the time of the execution of the will the deceased was not of sound mind and free from restraint. The district court admitted the will to probate and taxed the costs of the proceeding to the widow, who appeals from the judgment.

The first contention is, that the motion to dismiss the appeal should have been sustained; and it is urged that as the law now stands, and as it stood when the appeal was taken, the only remedy of the aggrieved person in case of a refusal to admit a will to probate is an action in the district court to contest such order.

The law with respect to the contest of wills prior to the act of 1907 was sections 7956 and 7957 of the General Statutes of 1901, which provided:

"SEC. 19. If no person interested shall within two years after probate appear and contest the validity of the will, the probate shall be forever binding, saving, however, to persons under legal disability the like period after the disability is removed.

"SEC. 20. The mode of contesting a will shall be by civil action in the district court of the county in which the will was admitted to probate, which action may be

brought at any time within two years after the probate of the will, and not afterwards, by any person interested in the will or estate of the deceased."

By chapter 429 of the Laws of 1907 these two sections were amended so as to read:

"SEC. 19. If no person interested, or claiming to be interested, shall appear within three years from the time of the making of any order by a probate court probating or refusing to probate the will and contest the same, such order shall be forever binding, saving, however, to persons under legal disability the like period after the disability is removed. The provisions of this act shall apply to any order of the court probating or refusing to probate the will, made at any time within three years prior to the taking effect of this act. Provided, however, that no proceedings to contest or set aside such order of the probate court shall affect the rights of innocent parties who have acquired title to property under the laws as they existed prior to the passage of this act.

"SEC. 20. The mode of contesting a will after probate or an order of the court refusing to probate the will shall be by civil action in the district court of the county in which the will was admitted to probate, or the order of the court refusing to probate was made, which action may be brought at any time within three years after the probate or the order of the court refusing to probate the will, and not afterwards." (Gen. Stat. 1909, §§ 9795, 9796.)

Prior to the amendment of 1907 we had held in a number of cases that a ruling of the probate court refusing to admit a will to probate was a final order and appealable to the district court, under the general provisions of the act relating to executors and administrators in reference to appeals. (*Lawrie v. Lawrie*, 39 Kan. 480, 18 Pac. 499.) In the opinion in that case a distinction was drawn between the situation of a person who was aggrieved by the refusal to admit a will to probate and that of one who was defeated in his attempt to oppose the probate. The proponent who was defeated by the ruling denying probate of the will

had no remedy save by an appeal, while the one who was aggrieved by the order admitting it to probate had no occasion to appeal, having ample remedy by a contest of the will itself. In *Hospital Co. v. Hale,* 69 Kan. 616, 77 Pac. 537, it was said:

"The order which may be entered is either for the admission to probate of the will, or the denial thereof. If the former, such order may be attacked at any time within two years in the district court in an action for that purpose by any person interested in the will or estate of the deceased. If the latter, an appeal may be had to the district court." (p. 618.)

The same distinction was made by the Ohio supreme court in *Hollrah v. Lasance et al.,* 63 Ohio St. 58, 57 N. E. 964. Prior to 1905 the procedure in reference to the probate of wills contemplated that only witnesses offered by those interested in having the will admitted to probate should be examined. (Gen. Stat. 1901, § 7948.) In 1905 section 12 was amended (Laws 1905, ch. 526) so as to provide for the admission of such other testimony as the court may order, and provision was also made for using the depositions of absent witnesses. In *Wright v. Young,* 75 Kan. 287, 89 Pac. 694, this amendment was under consideration, and it was held to mean merely that the court should hear evidence in addition to that of the subscribing witnesses, but only as to the due execution of the will, the soundness of mind of the testator and his freedom from restraint; and it was held that the "issues involved in the application were not changed or enlarged by the act so as to authorize a contest of the will in the probate court" (syl.) ; that the examination is still preliminary in its character notwithstanding the change giving to the party opposed to the probate what was formerly denied him, the right to have his witnesses examined upon the issues involved. The contention of appellant is that by giving the defeated proponent of a will the same right to contest that the unsuccessful opponent to such

probate has, the legislature by the amendment of 1907
nullified the reasoning of the cases of *Lawrie v. Lawrie,*
supra, and *Hospital Co. v. Hale,* supra, holding that a
decision against the probate was final and therefore
appealable; and that the legislature intended by the
amendment to destroy the right to appeal from a de-
cision refusing probate. The argument does not con-
vince us that such was the intent of the legislature.
If such had been the intent, language in express terms
denying the right to appeal would, we think, have been
employed. It is true, as appellant argues, that the dis-
trict court on appeal has no greater jurisdiction than
the probate court, and can only try the issue of whether
the will is entitled to probate, and that the successful
opponent in the probate court must follow up the ap-
peal and "again combat his adversary within the nar-
row issues provided for such hearings, and if on appeal
the will be ordered probated, he must, after having
twice litigated the matter, start a new action in the
District Court."

In the present case it appears that the probate court
not only denied the probate of the will but taxed the
costs against the proponents. We think that notwith-
standing the act of 1907, permitting the contest of
such an order by an action in the district court, it is
still a final order from which an appeal lies to the
district court under the provisions of the act relating
to executors and administrators concerning appeals.
The provision permitting a proponent of a will in the
probate court who is defeated to contest the order in
an action in the district court at any time within two
years is merely cumulative. A further contention is
made that the court erred in refusing to admit certain
testimony offered. It is sufficient to say that there was
no offer on the motion for a new trial to show by
affidavit what the testimony was. The claim of error
can not therefore be considered. Besides, it was within
the discretion of the court to limit the scope of the

examination to matters directly bearing upon the due execution of the will, the testator's soundness of mind and his freedom from restraint. No possible error can be predicated upon the admission in evidence of the affidavits of the subscribing witnesses since the witnesses were present and testified orally. (*McConnell v. Keir*, 76 Kan. 527, 535, 92 Pac. 540.)

The judgment is affirmed.