McCarthy v. Weber.

No. 19,662.

ANNA McCARTHY, *Appellant*, v. PETER WEBER, as Administrator with the Will Annexed, etc., and MARY F. SHERIDAN, *Appellees*.

SYLLABUS BY THE COURT.

1. WILLS—*Evidence Required to Warrant Admission of Will to Probate.* In a proceeding brought to admit a paper to probate as a will a *prima facie* showing that the instrument was legally made by one who was sound of mind and free from restraint, if not contradicted or overcome by other testimony, is sufficient to warrant the admission of the instrument to probate, but if rebutting evidence is offered and discrediting circumstances are shown the issues involved must be determined by the probate court, or the district court on appeal, upon all the evidence produced, the same as any other civil case, and findings of the trial court on these issues based on conflicting testimony are binding on the supreme court when reviewing a judgment allowing or refusing the probate of a propounded instrument.

2. SAME—*Evidence Insufficient.* The evidence examined and held to be sufficient to sustain the finding and judgment that the instrument offered was not entitled to be admitted to probate.

Appeal from Brown district court; WILLIAM I. STUART, judge. Opinion filed October 9, 1915. Affirmed.

*W. F. Means*, of Hiawatha, and *John M. Cleary*, of Kansas City, Mo., for the appellant.

*W. E. Archer*, of Hiawatha, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from the judgment of the district court of Brown county sustaining the probate court of that county in the latter's refusal to admit to probate a certain instrument purporting to be the last will and testament of Patrick Gleason, deceased.

It appears that Patrick Gleason and Margaret P. Gleason, his wife, were aged people who had for many years prior to their death resided in Brown county, and for the last twelve or fifteen years of their lives in Horton. They had no children. Patrick Gleason was about eighty-six years of age and was worth, at the time of his death, about $12,000. On February 1, 1910, he executed a will by which he gave all his

property, both real and personal, to his wife, and in the will he nominated her as sole executrix. In the first or second week of December, 1912, Gleason went to Kansas City, Mo., for medical treatment and to arrange for the care of his wife and himself at a hospital. He went to the home of his sister, the mother of plaintiff Anna McCarthy, and there he rapidly became worse, and died at his sister's home on January 16, 1913. Prior to his death, and on January 7, 1913, he executed an instrument purporting to be his last will, then he executed another on January 13, 1913, and yet another on January 14, 1913. The instrument of January 7, 1913, purported to give all of his property to Anna McCarthy and she was named as executrix. The will executed on January 13, 1913, purported to give all of his property to Anna McCarthy except that portion to which his wife was entitled under the law, and named Peter Weber as executor. The will of January 14, 1913, purported to give his entire estate to Anna McCarthy, and Peter Weber was named as executor. On January 23, 1913, the will of February 1, 1910, was admitted to probate, and Mrs. Gleason declining to serve as executrix Peter Weber was appointed administrator with the will annexed, and he duly qualified and entered upon his duties. On March 27, 1913, Anna McCarthy offered for probate the instrument executed or dated on January 14, 1913. Objection to its admission to probate was made by Margaret P. Gleason, the surviving wife. A hearing was had on June 30, 1913, and the probate court refused to admit the purported will to probate. An appeal was taken to the district court, during the pendency of which Margaret P. Gleason died and Peter Weber and Mary F. Sheridan, her executor and devisee, respectively, were substituted. Much evidence was introduced tending to show that Gleason had capacity on January 14, 1913, to make a will, and that he was not under any restraint; but, on the other side, it was shown that Gleason was quite deaf and very feeble, that when the instrument as drawn was read to him it was done in an ordinary tone of voice which could not be heard by him, and further, that in drawing the will the scrivener adopted the suggestions of the plaintiff and her brother and sister, while they were in a room other than the one occupied by Gleason, as to the disposition of the property, instead of taking the direc-

tions of Gleason, who, it appears, was in an upstairs room in a dying condition and not conscious of what was transpiring there. The court found that the instrument was not the last will of Patrick Gleason, and upheld the probate court in denying it to probate. Plaintiff's motion for a new trial was overruled, and she appeals.

Plaintiff contends that sufficient testimony was offered to require the admittance of the will of January 14, 1913, to probate. It appears that more than two months before the application of plaintiff the probate court had admitted to probate the will executed by Gleason on February 1, 1910. The plaintiff, however, was entitled to present the will which purported to have been executed on January 14, 1913, but it devolved upon her to establish that it had been duly attested and executed and that when it was executed Gleason was of sound mind and memory and not under any restraint. (Gen. Stat. 1909, § 9791.) It is true, as plaintiff contends, that ordinarily the testimony of the subscribing witnesses makes a *prima facie* showing of competency and validity which warrants the admission of a will to probate. Originally only an *ex parte* probate was provided for, the application being made and the witnesses called by those interested in having the will admitted to probate. (Gen. Stat. 1868, ch. 117, § 12.) In 1905 the section was amended making the probating of a will an adversary proceeding. Now the court is required to subpœna not only the witnesses called by persons desiring to have the will probated but also those requested by persons opposed to the admission of the will to probate; and it is further provided that the depositions of witnesses may be taken and used in the hearing in the same manner and to the same extent as is provided in the civil code. (Laws 1905, ch. 526, § 1, Gen. Stat. 1909, § 9787.) In such a trial there is presented to the probate court for its decision the issue of the testamentary character of the paper offered, involving the competency of the testator and his freedom from restraint when the paper was executed. The amendment making the proceeding adversary did not enlarge the issues nor change the effect of the probate. In a contest an order allowing a probate is no more than *prima facie* evidence of the due attestation, execution and validity of the will.

27—96 Kan.

(*Wright v. Young,* 75 Kan. 287, 89 Pac. 694; *Kerr v. Kerr,*
80 Kan. 83, 101 Pac. 647.) A real issue is presented for de-
termination in an application for probate, and in most cases it
ends the inquiry as to the validity of the will. The case of
*Sellards v. Kirby,* 82 Kan. 291, 108 Pac. 73, is illustrative of
the importance and scope of the inquiry in such a proceeding.
An appeal may be taken from an order of the probate judge
allowing or refusing a probate, but when the appeal is taken
from such an order and the issue is retried at length in the
district court it is still regarded as a preliminary proceeding,
and whether the trial results in the probate of a will or the
refusal to probate, it may thereafter be contested in a civil
action if brought within three years after the making of the
order probating or refusing to probate the will. (Gen. Stat.
1909, § 9796; *Durant v. Durant,* 89 Kan. 347, 131 Pac. 613.)
In this preliminary hearing a *prima facie* showing, if not con-
tradicted or evercome by other testimony, is sufficient to estab-
lish the will and warrant the admission of the same to probate.
In case rebutting evidence and discrediting circumstances are
produced as against the *prima facie* evidence offered by the
proponent of the will the probate court, or the district court
on appeal, must then determine the issue the same as in any
other case. It must determine upon all the evidence introduced
whether the will offered was legally executed by a testator who
was of sound mind and free from restraint. While the *prima
facie* showing for probate was made by the proponent there
was contradictory evidence produced and circumstances were
brought to the attention of the court which strongly tended to
show testamentary incapacity in Gleason and that his will was
not expressed in the paper to which his name was attached.
The court decided that Gleason was not competent to make a
will, and was not free from restraint when the scrivener wrote
Gleason's name on the paper and caused his hand to touch the
pen while a mark was being made. The findings of the trial
court on these issues, based as they are on competent and sub-
stantial testimony, are binding on this court. In *Gordon v.
Gordon,* 92 Kan. 730, 142 Pac. 242, which was an appeal from a
refusal to probate a will, there was conflicting testimony as to
the testamentary capacity of the testator, and it was held that

on the trial of that issue the ordinary rule applies, namely, that a finding of fact of a trial court based on conflicting evidence will not be set aside upon review.

Following this rule the judgment of the district court is affirmed.