No. 22,175.

*In re* ESTATE OF PATRICK HANNA, Deceased (HUGH HANNA, *Appellant,* v. MAY HANNA et al., *Appellees.*)

SYLLABUS BY THE COURT.

1. FOREIGN WILL—*Proper Authentication—Admission to Record—Appeal.* An appeal to the district court may be taken from a judgment of a probate court admitting to record an authenticated copy of a foreign will and of the record, in a foreign court, of the probate thereof.

2. SAME—*Authentication Complies with Kansas Statute.* The authentication of a copy of a foreign will and of the record of the probate thereof in the court of a foreign country, has been examined, and it is held that the authentication complies with section 368 of the code of civil procedure.

3. SAME—*Authentication Complies with Kansas Statutes—Should be Admitted to Record in this State.* Patrick Hanna was born in Ireland. When a young man he came to America, settled in Grayson county, Texas, engaged in business there, and accumulated a fortune. He visited Ireland on a number of occasions, and while there on a visit in 1908, he executed his will. In 1913 he again went to Ireland, and remained there until his death, which occurred in 1916. His will was probated in Ireland. An application was presented to the proper court

in Texas, asking, in one count, that the will be probated there, and asking, in another count, that the authenticated copy of the will and of the order admitting it to probate be recorded. The Texas court ordered that the copy of the will be recorded. Afterward, an authenticated copy of the will and of the record of its probate in Ireland was presented to the probate court of Harvey county, where the testator owned property at the time of his death, and request was there made that the copies be recorded in that county. The probate court ordered the copies recorded. The application was resisted by heirs at law of Patrick Hanna. They appealed to the district court. That court refused to admit the copies to record on the ground that Patrick Hanna, at the time of his death, was domiciled in Grayson county, Texas. *Held,* that the authenticated copy of the will, and of the record of the probate thereof in Ireland, should be admitted to record in the probate court of Harvey county.

Appeal from Harvey district court; FRANK F. PRIGG, judge. Opinion filed January 10, 1920. Reversed.

*James P. Haven,* of Dallas, Tex., for the appellant.

*John J. Riling,* of Lawrence, *Ezra Branine,* of Newton, and *Harry W. Hart,* of Wichita, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: Hugh Hanna appeals from a judgment of the district court refusing to admit to record in the probate court a will executed and probated in Ireland.

Patrick Hanna was born in Ireland, and came to this country when he was a young man. He went to Denison, in Grayson county, Texas, engaged in business there, and accumulated a small fortune. He visited Ireland several times after coming to this country, and while there on a visit in 1908, he executed a will giving to his brother, Hugh Hanna, all his property, wherever situated, and appointing Hugh Hanna executor of the will. In 1913 Patrick Hanna again went to Ireland, and remained there until his death, which occurred in 1916, and his will was there probated. At that time he owned property in Ireland, in Texas, and in Harvey county, Kansas. An authenticated copy of the will and of the order probating it was afterward recorded in Texas, and ancillary administration of the estate was had in that state.

In presenting the will to the court in Grayson county, Texas, Hugh Hanna asked, in one count, that the will be probated

by that court, and asked, in another count, that an authenticated copy of the will, together with a copy of the order probating the will, be filed and recorded. That court did not admit the will to probate, but did order "That the will of Patrick Hanna, deceased, as probated in the High Court of Justice (Ireland), King's Bench Division (Probate), together with the probate thereof, be filed and recorded and that when so filed and recorded that the same shall have the same force and effect as the original will if said original will had been admitted to probate."

Hugh Hanna, the executor, presented to the probate court of Harvey county an authenticated copy of the will and of the order of the court in Ireland probating the will, and asked that they be admitted to record in that county. The probate court ordered them recorded. May Hanna and her associates, heirs at law of Patrick Hanna, resisted the application, and appealed to the district court. Hugh Hanna then moved to dismiss the appeal on the ground that the parties were attempting to contest a will executed and proved according to the laws of a foreign country, and on the further ground that no appeal lies from an order admitting to record a duly authenticated copy of a foreign will probated in a foreign country. That motion was denied, and the cause was afterward tried. Hugh Hanna introduced the authenticated copy of the will and of the order probating it. Objection was made by May Hanna and her associates on the ground that the copy was not properly authenticated or certified, and on the further ground that the court in Ireland was wholly without jurisdiction to probate the will. On the latter proposition, evidence was introduced to prove the domicile of Patrick Hanna at the time of his death. Hugh Hanna introduced evidence tending to show that at that time Patrick Hanna was domiciled in Ireland, while May Hanna and her associates introduced evidence tending to show that Patrick Hanna was at that time domiciled in Grayson county, Texas. The district court found that "Said Patrick Hanna, at the time of his death, was domiciled at Denison, Grayson county, Texas; and that the said foreign will of said Patrick Hanna, offered in probate, is not entitled to be admitted to record or to probate in this county."

Hanna v. Hanna.

1. Hugh Hanna argues that the district court committed error in not dismissing the appeal of May Hanna and her associates. In order to properly determine the question presented, it is necessary to examine the statute governing appeals from probate courts, and to examine several decisions of this court. Section 4675 of the General Statutes of 1915, in part, reads:

"Appeals shall be allowed from the decision of the probate court, to the district court, in the following cases:  . . .  And in all other cases where there shall be a final decision of any matter arising under the jurisdiction of the probate court, except in cases of *habeas corpus* and injunction."

The language quoted is comprehensive; it includes everything in which a final decision is rendered by the probate court. The admission of the authenticated copy of the will of Patrick Hanna to record was a final decision. It necessarily follows that an appeal could properly be taken from that decision. This conclusion is supported by the decisions of this court. In *Lawrie v. Lawrie,* 39 Kan. 480, 18 Pac. 499, this court said, "An appeal lies to the district court from a decision of the probate court refusing to admit a will to probate." (Syl. ¶ 1.) To the same effect is *Durant v. Durant,* 89 Kan. 347, 131 Pac. 613. In *McCarthy v. Weber,* 96 Kan. 415, 418, 151 Pac. 1103, this court said, "An appeal may be taken from an order of the probate judge allowing or refusing a probate."

Section 11807 of the General Statutes of 1915 should be considered with the subject now under discussion. That section, in part, reads:

"No proceedings shall be had in this state to contest a will executed and proven according to the law of any state or territory of the United States or of any foreign country relative to property in this state."

Therefore, the will cannot be contested in either the probate court or the district court. This limits the issues to be tried on the presentation of an authenticated copy of a foreign will. However, the authentication may be examined. If that is not in proper form, the will should not be recorded. Those contesting the recording of the will may show that there is no such record as that purported to be authenticated.

2. May Hanna argues that the copy of the will probated in Ireland, and of the order admitting the will to probate, was not

properly authenticated.  Section 368 of the code of civil procedure reads:

"Copies of records and proceedings in the courts of a foreign country may be admitted in evidence, upon being authenticated as follows:

*First*, by the official attestation of the clerk or officer in whose custody such records are legally kept.

*Second*, by the certificate of one of the judges or magistrates of such court that the person so attesting is the clerk or officer legally intrusted with the custody of such records, and that the signature to his attestation is genuine."  (Gen. Stat. 1915, § 7272.)

The documents in question are certified to by the registrar of the court in which the probate records of Ireland are kept, and the judge of that court certifies that the registrar was duly intrusted with the custody of such records, and that the registrar's signature to his certificate is genuine.  The registrar in turn certifies to the signature of the judge, and the consul of the United States in Dublin certifies that Henry C. Warren, the person signing the certificate, is the registrar of the court; that he is well satisfied that the registrar's name written to the certificate is his real and genuine signature; and that the seal of the court is genuine.  These certificates more than comply with all the requirements of section 368 of the code, and the documents were properly admitted in evidence.

3.  The district court of Harvey county refused to admit the authenticated copy of the will to record or to probate in that county.  The court having jurisdiction of probate matters in Ireland assumed that it had jurisdiction to probate the will.  Patrick Hanna had property to administer in that country, his will was made there, and he was there at the time of his death, and had been for three years prior thereto.  If, at the time of his death, he had been living in Harvey county as he had been living in Ireland, the probate court of that county would have been justified in exercising jurisdiction to probate his will.  Before the proceedings in Harvey county were commenced, an authenticated copy of the will and of the order admitting it to probate had been presented to the proper court in Grayson county, Texas, and the request had been made that the will be probated there, and that the authenticated copy be admitted to record.  The Texas court did not probate the will, but did order that it and the order probating it be recorded.  The

judgment of the Texas court, in effect, determined that it did not have jurisdiction to probate the will, and that the will had been properly probated in Ireland.

The courts of this state cannot change the order made by the Texas court. The determination of the latter court that it did not have jurisdiction to probate the will is binding on the courts of this state, and they cannot compel the Texas court to assume jurisdiction when it does not have jurisdiction under Texas laws. The district court committed reversible error in refusing to permit the will to be recorded.

The judgment of the district court is reversed, and that court is directed to order that the authenticated copy of the will, and of the order probating it in Ireland, be recorded in the probate court of Harvey county.