No. 33,285

In the Matter of the Estate of Leander Wilkes Perkins, Deceased, JOHN BRADFORD PERKINS, Executor, *Appellee,* v. W. E. PERKINS, *Appellant.*

(66 P. 2d 420)

Opinion filed April 10, 1937.

C. C. *Stewart,* of Lawrence, for the appellant.

R. B. *Stevens* and *John W. Brand,* both of Lawrence, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an appeal from the probate court to the district court on an order of the former court admitting a will to

probate. The appeal was instituted by W. E. Perkins, a brother and heir of Leander Wilkes Perkins, deceased. The appeal was dismissed on a motion of the executor which challenged the jurisdiction of the district court to hear the appeal and on the ground the order admitting the will to probate was not an appealable order. From that ruling W. E. Perkins appeals.

The sole question is whether an order of a probate court admitting a will to probate, in the absence of testimony adverse to probate, is an appealable order. Appellant contends he has two remedies, one by an independent "will contest" action in the district court (G. S. 1935, 22-223), the other by a direct appeal to the district court from the order admitting the will to probate. Appellee admits the existence of the first remedy, but denies the latter. Whether the latter remedy is available depends upon whether the order admitting the will to probate is a final order. G. S. 1935, 22-1101, enumerates twelve specific cases in which appeals shall be allowed from the probate to the district court. Neither an order refusing probate nor an order admitting probate is embraced in that enumeration. The statute, however, concludes with the comprehensive clause, to wit:

"And in all other cases where there shall be a final decision of any matter arising under the jurisdiction of the probate court."

This statute is in all respects the same as the original statute of 1868 (ch. 37, § 188) except that in the original statute there was appended to the above quotation the words, "except in cases of habeas corpus and injunction."

Orders refusing probate or admitting probate, of course, arise under the jurisdiction of the probate court. G. S. 1935, 22-218, provides:

"If it shall appear that such will was duly attested and executed, and that the testator at the time of executing the same was of full age and sound mind and memory, and not under any restraint, the court shall admit the will to probate."

An order refusing to admit probate has been held to be a final and appealable order. (*Lawrie v. Lawrie,* 39 Kan. 480, 18 Pac. 499; *Durant v. Durant,* 89 Kan. 347, 131 Pac. 613; *McCarthy v. Weber,* 96 Kan. 415, 418, 151 Pac. 1103.) Under the original statute the probating of a will was an *ex parte* proceeding. The application was made and witnesses were called only by the proponents of the will. (G. S. 1868, ch. 117, § 12.) By the amend-

ment of 1905 it was made possible for the probating of a will to become an adversary proceeding. (Laws 1905, ch. 526, § 1; G. S. 1909, § 9787.) See, also, *McCarthy v. Weber*, supra. The present statute, G. S. 1935, 22-213, is the same as the statute of 1905, and provides:

"The court shall cause the witnesses to such will and such other witnesses as any person interested for or against having the same admitted to probate may desire to come before such court, and said witnesses shall be examined in open court, and the testimony of the witnesses to such will and such other testimony as the court may order shall be reduced to writing and subscribed by them and filed; and the depositions of witnesses may be taken and used on such hearing in the same manner and to the same extent as is provided in the code of civil procedure."

In *McCarthy v. Weber*, supra, in which rebutting testimony was offered, it was said:

"A real issue is presented for determination in an application for probate, and in most cases it ends the inquiry as to the validity of the will. The case of *Sellards v. Kirby*, 82 Kan. 291, 108 Pac. 73, is illustrative of the importance and scope of the inquiry in such a proceeding. *An appeal may be taken from an order of the probate judge allowing* or *refusing* a probate, but when the appeal is taken from such an order and the issue is retried at length in the district court it is still regarded as a preliminary proceeding, and whether the trial results in the probate of a will or the refusal to probate, it may thereafter be contested in a civil action if brought within three years after the making of the order probating or refusing to probate the will. (G. S. 1909, § 9796; *Durant v. Durant*, 89 Kan. 347, 131 Pac. 613.)" (p. 418.) (Italics inserted.)

The period of contest is now limited to one year. (G. S. 1935, 22-223.) In the case of *Hanna v. Hanna*, 106 Kan. 40, 186 Pac. 752, there was presented the question of appeal from an order admitting a foreign will to probate. It was held:

"An appeal to the district court may be taken from a judgment of a probate court admitting to record an authenticated copy of a foreign will and of the record, in a foreign court, of the probate thereof." (Syl. ¶ 1.)

Appellee contends the Hanna case is not applicable on the subject of the right of appeal from an order admitting a domestic will to probate. The contention is based on the fact our statute does not permit the contest of a foreign will in this state, and hence the only remedy the opponent of the foreign will had was that of appeal. This court noted that under our statute no contest of a foreign will could be had in this state relative to property in this state. (G. S. 1935, 22-255.) However, in discussing the general question of an opponent's right to appeal from an order admitting a will to probate, it was said:

"Hugh Hanna argues that the district court committed error in not dismissing the appeal of May Hanna and her associates. In order to properly determine the question presented, it is necessary to examine the statute governing appeals from probate courts, and to examine several decisions of this court. Section 4675 of the General Statutes of 1915, in part, reads:

" 'Appeals shall be allowed from the decision of the probate court, to the district court, in the following cases: . . . And in all other cases where there shall be a final decision of any matter arising under the jurisdiction of the probate court, except in cases of habeas corpus and injunction.'

*"The language quoted is comprehensive; it includes everything in which a final decision is rendered by the probate court. The admission of the authenticated copy of the will of Patrick Hanna to record was a final decision. It necessarily follows that an appeal could properly be taken from that decision.* This conclusion is supported by the decisions of this court. In *Lawrie v. Lawrie,* 39 Kan. 480, 18 Pac. 499, this court said, 'An appeal lies to the district court from a decision of the probate court refusing to admit a will to probate.' (Syl. ¶ 1.) To the same effect is *Durant v. Durant,* 89. Kan. 347, 131 Pac. 613. In *McCarthy v. Weber,* 96 Kan. 415, 418, 151 Pac. 1103, this court said, 'An appeal may be taken from an order of the probate judge *allowing* or *refusing* a probate.' " (p. 43.) (Italics inserted.)

In the Durant case, dealing with appeal from an order *refusing* to admit to probate, it was held the 1907 amendment providing for contests in the district court was merely a cumulative remedy to that authorizing appeals from final decisions in the probate court. We perceive no reason why the same rule does not apply to an order *admitting* a will to probate.

Appellee urges that under the provisions of G. S. 1935, 22-222, an interested person may appear within one year after the order of probate to contest the will, and hence the order is not final until the year has expired. The contention is untenable. The statute makes the same provision for contesting an order refusing to admit to probate. Certainly for the purpose of direct appeal or a contest action the order is final when made, and the right to appeal or to bring an independent contest action is not postponed for a year simply by reason of the fact a year is granted to challenge the order. Were appellee's contention sound, a proponent or contestant of a will would be obliged to delay his protest to the order a full year, and after that it would be too late.

Appellee relies upon the decisions in *McConnell v. Keir,* 76 Kan. 527, 92 Pac. 540, and *Evans v. Evans,* 109 Kan. 608, 201 Pac. 60. The precise question of whether an order admitting a will to probate is a final and appealable order was not expressly raised in either of those cases.

Appellee further contends a prima facie showing of the validity

of the will under G. S. 1935, 22-218, in the absence of rebutting testimony, as in the instant case, is sufficient to entitle the proponent to an order of probate. That fact does not deprive the order when made of its attributes of finality. The order being final, it is appealable. It therefore follows the judgment sustaining the motion to dismiss the appeal on the grounds the order admitting the will to probate was not an appealable order, and that the district court had no jurisdiction to hear an appeal on the question of a valid probate, must be reversed. Since on the record before us that is the sole question now presented for review, the judgment is reversed.

THIELE, J., not sitting.