No. 37,366

In re Estate of Martha P. Moore, deceased (CECIL C. MOORE, *Appellee*, v. TOM MOORE, *Appellant*).

(203 P. 2d 192)

Opinion filed March 5, 1949.

*Hal E. Harlan,* of Manhattan, and *John H. Lehman,* of Abilene, argued the cause, and *A. M. Johnston,* of Manhattan, and *Matt Guilfoyle,* of Abilene, were with them on the briefs for the appellant.

*Charles Hughes* and *Clyde K. Rodkey,* both of Manhattan, argued the cause, and *C. Harold Hughes,* of Manhattan, was with them on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: The principal question in this appeal is whether a will, which had been revoked, was republished by a writing later made on the original will and constituted the last will of the decedent at her death.

Martha P. Moore died in December, 1945, and shortly thereafter a petition was filed in the probate court for the admission to probate of a will executed by her under date of September 16, 1937, and bearing an endorsed writing of March 6, 1940. Tom Moore and another filed objections to the probate of the will, and after a hearing the probate court admitted the will to probate and Tom Moore appealed to the district court. After trial of the appeal, the district court made conclusions of fact and of law and held the will, as amended by the writing of March 6, 1940, should be established and allowed as the last will and testament of Martha P. Moore, and admitted to probate. Tom Moore's motion to substitute conclusions of law and his motion for a new trial were denied and he appealed to this court.

Neither party challenged the conclusions of fact made by the trial court and we summarize such facts as are necessary for a determination of the appeal.

On September 16, 1937, Martha P. Moore, a spinster, who lived with a sister in Manhattan went to Junction City and had a will drawn which was properly executed by her and witnessed. It consisted of three pages. In June, 1938, Charles F. Johnson of Manhattan prepared a new will for Miss Moore from notes given him and with his wife went to the Moore home. Miss Moore checked the new will with the notes furnished Johnson and said she was satisfied with it; that she did not like her other will and had been bothered about it. The new will was duly executed by the testatrix and witnessed by Johnson and his wife and left with the testatrix. After her death a search was made for this will and it could not be found. The exact devisees, bequests and beneficiaries under this will are not known. On March 6, 1940, Miss Moore caused the following writing to be placed on the bottom of page one of the will executed under date of September 16, 1937:

"March 6, 1940, I hereby change the description in the above paragraph III to read the north one-half (N ½) of Section Twenty-seven (27), Township Fourteen (14), Range Five (5), In Saline County, Kansas, instead of the West one-half (W ½) of said Section.

/S/   Martha P. Moore.

Witnesses:
/S/   Anna Anderson
/S/   May H. Allingham"

The signatures of the parties named were their genuine signatures. The legal description in paragraph III of the will was incorrect and

the correction as made was also incorrect. At the top of the page on which the above quoted language appears the following words were typed in capital letters, "Last Will and Testament of Martha P. Moore." On the same date, after the execution of the writing quoted, Miss Moore deposited the will with the probate court of Riley County where it remained until after her death when it was offered for probate. The court further found that after the death of Miss Moore there was found in her handbag an undated statement in her handwriting and signed by her that her will was in a safety deposit box in the Union National Bank; that Miss Moore had such a box, and that it contained some bonds and various papers, but there was no will in the box.

As conclusions of law the trial court found that the will of September 16, 1937, was valid when executed; that the will of June, 1938, was valid when executed, contained a proper revocation clause and revoked the will of September 16, 1937; that the will of June, 1938, was revoked by presumption of law and no sufficient evidence was introduced to rebut the presumption; and

"4. The writing of the March 6, 1940, at the bottom of the first page of the so-called Junction City will [will of September 16, 1937], together with the acts of the testator are sufficient in law to accomplish a re-publication of this will and to revive it. The Junction City will as deposited by the testator in the Probate Court was her valid last will and testament at the time of her death."

In accordance with its findings, the court ordered the will of September 16, 1937, and amended by the writing of March 6, 1940, established and allowed as the last will and testament of Martha P. Moore, deceased, and admitted to probate.

In his abstract appellant stated the evidence was not abstracted as that was unnecessary to determine the legal questions involved; also that there was no material conflict of evidence and no exceptions were filed by either party to the court's conclusions of fact. Controversy has now arisen as to the extent of a stipulation concerning the writing of March 6, 1940. Without going into detail, during the course of the trial, the executor offered the will and asked Tom Moore to stipulate that the will and also the "amendment" were properly executed by Martha Moore and witnessed. Moore refused to go that far, and a stipulation was made as to the signature of Joe Helget to the original document. Other stipulations then made are not of present importance. The trial was drawing to a

close when the executor asked the court if it would help to find out "what the two witnesses would have to say to this signature in 1940, as to the transaction that took place at that time?" The court answered that it didn't know and that on the question of republication or whatever else the parties cared to include, that each file written briefs. Within a few days the executor filed his written motion to reopen, stating that he had subpoenaed Mrs. May Allingham and Mrs. Anna Anderson Parks as witnesses; that they were present at the trial but had not been called as witnesses as he had been led to believe it had been stipulated that the "amendments" to the original will made on March 6, 1940, were duly signed by Martha Moore in the presence of the witnesses. On the hearing of this motion, and at that time, it was clearly stipulated that the signatures of May Allingham and Anna Anderson upon the amendment to the third paragraph of the will were their genuine signatures and that the signature of Martha P. Moore was her genuine signature. A recital in the journal entry of judgment pertaining to the stipulation is to the same effect. Neither the stipulation nor the journal entry mention the matter of execution of the instrument.

Recapitulating, the facts for consideration are that Martha P. Moore made a valid will on September 16, 1937, which she revoked by a later valid will made in June, 1938, which latter will she presumptively revoked. On March 6, 1940, she executed the writing endorsed on the bottom of the first sheet of the will of September 16, 1937, under the circumstances above noted, and the question for decision is, was that writing sufficient to revive the will on which it was made?

At the time the will was originally made and at the time the endorsement was made the statutes, so far as this case is concerned, provided that every will shall be in writing and signed at the end thereof by the testator and shall be attested and subscribed in the presence of such party by two or more competent witnesses who saw the testator subscribe or heard him acknowledge the same. (G. S. 1935, 22-202, and G. S. 1947 Supp. 59-606.)

At the time the writing of March 6, 1940, was made on the will of September 16, 1937, the statute now appearing as G. S. 1947 Supp. 59-612 was in effect. It reads:

"If the testator shall make a second will, the revocation of the second will shall not revive the first will, unless it appears by the terms of such

revocation that it was his intention to revive the first will, or unless after such revocation he shall duly republish his first will in the presence of two or more competent witnesses who shall subscribe the same in the presence of the testator."

Under that statute it was necessary, in order to revive her first will which was revoked, that the testatrix republish that first will.

We first note the following: The endorsement made March 6, 1940, bears no attestation clause. The proof offered, the stipulation made and the finding of the trial court, went no further than that the signatures thereto were genuine. The abstracts disclose no proof and the trial court did not find that Miss Moore signed the endorsement in the presence of the witnesses nor that she acknowledged it, nor that the witnesses subscribed it in her presence. Stated another way, there is no evidence abstracted, no stipulation shown, nor any finding made that the bare requirements for the valid execution of a will or the revival of a revoked will were ever observed. Had there been a full attestation clause perhaps it could be said the proponents of the will had made a prima facie showing (*In re Estate of Wallace,* 158 Kan. 633, 149 P. 2d 595, and *In re Estate of Williams,* 158 Kan. 734, 742, 150 P. 2d 336) but that rule can have no application here. The executor argues there is a presumption of compliance with statutory requirements and that the burden is on him who challenges sufficiency, citing *Spaeth v. Kouns,* 95 Kan. 320, 326, 148 Pac. 651, L. R. A. 1915E 271. That was not a will case and is not in point here. In a proceeding to probate a will the burden of proof is upon the proponent to show not only the testamentary character of the instrument and the capacity of the testator, but the due execution of the will in accordance with statutory requirements. (See, e. g., *McCarthy v. Weber,* 96 Kan. 415, 417, 151 Pac. 1103; *In re Estate of Peirano,* 155 Kan. 48, 122 P. 2d 772; *In re Estate of Wallace,* supra; *In re Estate of Koellen,* 162 Kan. 395, syl. ¶ 5, 176 P. 2d 544, and with respect to proving revocation see *In re Estate of Rinker,* 158 Kan. 406, 147 P. 2d 740.) If it be considered, however, that the matter of revivor of the revoked will is measured solely by the provisions of the section of the statutes quoted above and that the revivor need not rise to the dignity of a full testamentary disposition the following is noted.

Although the section under consideration requires the testator to "republish" the revoked will which he intends to revive, our statutes do not require that an original will be "published" (cf. G. S. 1947

Supp. 59-606 and see also *In re Estate of Koellen,* supra). In the last case it was held that:

"Publication is the act of making it known in the presence of witnesses that the instrument to be executed is the last will and testament of the testator." (Syl, ¶ 6.)

The above statement is in agreement with the authorities generally. See 68 C. J. p. 689, § 342; 57 Am. Jur. p. 219, § 283. It might be said in view of our statutory provision that "republish" had the same meaning that "publish" would have, had it been made a requirement to the valid execution of an original will. Republication would be merely a second publication.

On the question of revival and republication of wills revoked by operation of law or by act of the testator, there is great contrariety of decision in different jurisdictions. (See 68 C. J. p. 853 *et seq.*; 57 Am. Jur. p. 421 *et seq.*; Atkinson On Wills, p. 412 *et seq.*; and annotations in 28 A. L. R. 911, 53 A. L. R. 521 and 162 A. L. R. 1072.) Statutory provisions in different jurisdictions are a contributing factor to the confusion. But in our view of the matter we need not discuss the question in its varying phases.

In *Derr v. Derr,* 123 Kan. 681, 256 Pac. 800, 53 A. L. R. 515, to which reference is made for a full statement of facts, this court considered a question of revocation and revival of wills, and held, *inter alia*:

"One who has made a second will and by a later instrument revokes it, may, by such instrument, revive and give effect to his first will, if his intention to do so is clear from the wording or provisions of such instrument." (Syl. ¶ 2.)

"In 1921 a testator executed his will, devising to a son the use for life of farm land in Oklahoma, with remainder to his children, and devising to another son the use for life of farm land in Kansas, with remainder to his children. In May, 1925, he executed a second will, making different disposition of his property. In October, 1925, he executed an instrument reading: 'I wish my first will to be in effect this date.' This was executed, attested by witnesses, as required by statute pertaining to the execution of wills. *Held,* that the effect of the execution of such instrument was to revoke his second will and to revive and give effect to his first will." (Syl. ¶ 4.)

Under the reasoning of that case the intent to revive must be clear.

Reference to the writing of March 6, 1940, discloses nothing that may be said to express any intention by the testatrix to revive the will upon which it was endorsed, other than an inference she so

intended such a result from the mere placing of the endorsement on the revoked will. But even if that inference be indulged, we are still faced with the fact that so far as the evidence or conclusions of fact go, she did not make that intention effective by proper execution of the writing as a testamentary declaration. We note also the executor's contention that the act of Martha P. Moore in depositing the will in the probate court was evidence of her intention. If that be so, she did not translate her intention into a legally sufficient act.

We need not discuss some comment in the brief that the writing of March 6, 1940, may be a codicil and as such a revivor of the will. Assuming, but not deciding, that a codicil of the nature of the writing before us might be considered as a ratification and revival of the will on which it was written, it is subject to the rule before stated, that it must have been executed and proved in accordance with statutory requirements. There is failure of proof that it was.

The judgment of the trial court is reversed and the cause is remanded with instructions to refuse probate of the will of the testatrix of September 16, 1937, and the endorsement thereon of March 6, 1940.

ARN, J., not participating.