Vermont Superior Court
Filed 06/11/21
Washington Unit

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 21-CV-01156

---

**Sondra Jacques v. Polly Martin**

---

# ENTRY REGARDING MOTION

Title:        Motion to Dismiss Appellee's Motion to Dismiss or Alternatively, Motion to Stay Appeal (Motion: 1)
Filer:
Filed Date:    May 13, 2021

Entry regarding Motion to Dismiss

Ms. Sondra Jacques filed this appeal after the probate court disallowed the 2016 will of decedent Perley Briggs that she had offered for probate. Mr. Briggs' daughter, Polly Martin, and children (collectively, Descendants) contested the 2016 will and offered a competing 2009 will. Following a hearing on the merits focused on the 2016 will only, the probate court disallowed the 2016 will as the product of undue influence by Ms. Jacques, who promptly appealed. The probate court has not determined the status of the 2009 will. Descendants have filed a motion to dismiss arguing that this appeal is premature as the probate proceeding has not yet arrived at a final judgment. In the alternative, they request that this appeal be stayed so that the probate court can appoint an administrator to preserve the estate's principal nonliquid asset, a farmhouse property allegedly suffering waste.

As the Vermont Supreme Court recently explained, "Vermont has no statute or rule defining what specific types of probate orders are final and appealable. A review of our decisions in this area reveals that we have frequently treated probate orders as final even where they did not dispose of the entire probate proceeding." *In re Trustees of Marjorie T. Palmer Tr.*, 2018 VT 134, ¶ 30, 209 Vt. 192. "[P]robate proceedings are frequently lengthy and involve a series of decisions on discrete issues that may be appropriate for immediate review." *Id*. Here, the probate court's decision finally and conclusively resolved the issue of whether the 2016 will would be admitted into probate. That decision finally determines the parties' rights under the 2016 will and therefore was appealable. See, e.g., *In re Perkins' Est.*, 66 P.2d 420, 421 (Kan. 1937) ("An order refusing to admit [a will to] probate has been held to be a final and appealable order."); *In re Est. of Prunty*, 99 N.E.3d 614, 618 (Ill. Ct. App. 2018) ("An

order admitting or refusing to admit a will to probate, appointing or removing an executor, or allowing or disallowing a claim against an estate is a final order.").

The basis for Descendants' alternative request, to stay this case so the probate court can appoint an administrator to avoid waste of the farmhouse property, is unclear to the court. On September 29, 2020, the probate court issued letters of special administration appointing John Page, Esq., special administrator with "authority to investigate, identify, collect, and preserve the estate of the deceased." As a general matter, administrators are charged with the duty to maintain "in tenantable repair the houses, buildings, and fences belonging to the estate." 14 V.S.A. § 929. Special administrators are appointed to protect the estate when there is a delay, as in a will contest case such as this, in appointing an executor or administrator.

Descendants' motion to dismiss is denied.

Robert R. Bent,
Judge